[No. 7330.   Decided June 17, 1908.]

EXPOSITION AMUSEMENT COMPANY, *Respondent*, v. EMPIRE
STATE SURETY COMPANY, *Appellant*.[1]

MECHANICS' LIENS—INDEMNITY AGAINST CLAIMS—CONTRACT—CON-
STRUCTION—CLAIMS ALLOWED.  In an action upon an agreement by a
surety company to hold the owner of a building free from any claims
for materials furnished or used in the building, the plaintiff may
show the claims for materials furnished and used of parties joined
as defendants, although they did not appear in the action.

SAME.  In such an action, it is error to allow the plaintiff to
recover for a defective roof that did not comply with the contract,
placed by a subcontractor, and to allow a lien to the contractor
therefor, where the architect properly rejected the same and a new
roof was put on and the cost thereof charged against the defendant;
and it would be immaterial that the contractor consented to allow
charges for the two roofs, after the work was taken from him.

CORPORATIONS—ACTIONS—LICENSE FEES—STATUTES—RETROACTIVE
EFFECT.  Laws 1907, p. 271, requiring that the payment of an annual
license fee by a corporation be alleged and proved in order to main-
tain an action in the courts of this state, is not retroactive, and
does not affect actions previously commenced.

MECHANICS' LIENS — INDEMNITY AGAINST CLAIMS — CONTRACTS —
CONSTRUCTION.  Where a surety company undertakes to complete a
building after the contractor's default, and in consideration of the
waiver of accrued stipulated damages for delay, "waives any and all
objections it may have," and agrees to immediately complete the
building, it cannot object to departures in the performance of the
original contract during the performance of the work by the con-
tractor.

SAME—DEFENSES—SETTLEMENT.  It is no defense to an action
upon a contract to indemnify against all claims, entered into by a
surety completing a building, that a settlement made between the
owner, architect and defaulting contractor was made without notice
to the surety, when the surety was not held bound by the settlement
and was allowed to contest the same.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered December 31, 1907, upon find-

[1]Reported in 96 Pac. 158.

ings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Reversed in part and affirmed in part.

*John P. Hartman* and *E. R. York*, for appellant.
*Williamson & Williamson,* for respondent.

Mount, J.—Respondent brought this action to enforce the liability of the appellant upon a contract hereinafter set out.   Upon a trial, judgment was entered against the Empire State Surety Company, which prosecutes this appeal.

The facts as disclosed at the trial are, in substance, as follows:   About November 3, 1906, the Exposition Amusement Company, a corporation, entered into a contract with the defendant L. H. Williams, by which the latter agreed to furnish the materials and construct a building in the city of Tacoma, for the sum of $8,600, according to certain plans and specifications.   This contract was the usual builder's contract, and specified, among other things, that the building should be completed within two months from November 3, 1906, and provided for a payment by the contractor of $50 per day for each day in excess of two months, until the building was completed.   The appellant executed and delivered to respondent a bond in the sum of $8,600, conditioned for the faithful performance of the contract by said Williams, which contract, with the plans and specifications, was made a part of the bond.   The completion of the building was delayed beyond the time of two months, and while the contractor was in default, the Exposition Amusement Company and the appellant entered into a contract as follows:

"AGREEMENT.

"This agreement, made and entered into this 4th day of February, A. D. 1907, by and between the Empire State Surety Company of New York, party of the first part, and the Exposition Amusement Company, a corporation in the state of Washington, party of the second part,

"Witnesseth:   That whereas that certain contract bond dated the 6th day of November, A. D. 1906, wherein L. H.

Williams & Co. is the principal and the Empire State Surety Company, the first party hereto, is the surety, and the Exposition Amusement Co., the second party hereto, is the obligee, provides for a penalty of $50 per day, to be paid to the said the Exposition Amusement Company, the obligee therein named, for each and every day until the completion of the building provided for and referred to in said bond and contract thereto attached after the time limit fixed in said bond, to-wit:     Two months from the third day of November, 1906, and

"Whereas, twenty-five days have elapsed since the time limit for the completion of said building has expired and the same still remains unfinished and there has accrued at this date under said bond and contract a penalty of $50 per day for twenty-five days, making a total of $1,250.

"Now, therefore, in consideration of said second party waiving said accrued penalty, the said first party hereby waives any and all objections it may have and agrees to immediately carry out all of its obligations under said bond by paying any and all claims against said second party, the Exposition Amusement Company, on account of said building over and above the sum of $8,600, less claims for extras, if any, due L. H. Williams & Co., contractors, the contract price to be paid by said second party to the contractors, the said L. H. Williams & Co., for the construction of said building, and to hold said second party absolutely free from any claim or claims for materials or liens for labor or materials used in connection with or upon said building, and from any law suits begun or that may hereafter be begun for or on account of any labor performed upon or for materials furnished and used in connection with the construction of said building provided for in said bond and contract.     It is understood that this writing shall not increase the obligations and liabilities other than imposed by the original bond.

"Dated this 4th day of February, A. D. 1907.

"The Empire State Surety Company,

"By Eugene Church, Its Attorney in Fact.

"The Exposition Amusement Company,

"By D. F. Lampman, Its Vice President.

"Witness:   Geo. G. Williamson."

About the time this last-named agreement was entered into, or shortly prior thereto, the surety company took charge of the work and thereafter finished the building and delivered possession of the same to the respondent, the Amusement Company. There is some dispute as to whether the appellant took charge of the work, but the court found that it did, and, we think, correctly upon the evidence. On March 11, 1907, the Amusement Company and Williams, the contractor, and the architect in charge of the work, agreed that extras had been placed in the building to the amount of $232.94, making the total amount of the contract, less a small deduction, $8,829.94. They also found and agreed, that the Amusement Company had paid thereon $8,049.16; that there was a balance due on the contract amounting to $780.78. It was also found that there were a large number of unpaid labor and material claims, amounting to $5,311.35. The Amusement Company thereupon paid certain of these claims, amounting to $636.22, leaving a balance of $144.56 due on the contract price of the building. Subsequently certain labor and material claimants filed liens on the building, and were proceeding to foreclose the same when this action was begun by the Amusement Company to require the surety company to pay the amount of these claims. All the lien claimants were made parties defendant. Upon the trial a judgment was entered against the surety company for the sum of $5,632.70, less $144.56 due on the contract. Other facts necessary to an understanding of the points raised will be stated in connection therewith.

It is first contended by the appellant that the trial court erred in refusing evidence in support of the claims of the J. L. Todd Lumber Company and the Tacoma Trading Company. These claimants were made parties defendant, but did not appear by answer. They were called as witnesses, and permitted to testify that they had furnished materials which were used in the building, and had not been paid there-

for. The contract entered into on the 4th day of February, 1907, and upon which this action is based, provides that the appellant shall hold the respondent free from any claim or claims for materials furnished and used in the building. We think under this contract, that the respondent was at liberty to show the amount of such claims, and that they were enforcible whether the parties appeared in the action or not.

Appellant next argues that the trial court erred in allowing claims for two roofs placed on the building. It appears that the Raeco Products Company agreed to furnish certain materials and place a roof on the building for the sum of $350, guaranteeing the roof against defects of material and workmanship for a period of five years. This roof was completed about January 18, 1907. Thereupon it leaked badly. Complaints were made by the owner and architect, and thereupon the Raeco Company attempted to repair it, but did not succeed. Thereafter on February 18, 1907, after repeated notices to the Raeco Company to repair the roof, and failure on its part to do so, the architect in charge ordered the men employed by the Raeco Company from the building, and a new roof was put on at an expense of $606. The Raeco Company thereupon presented a bill for $359.08, $9.08 being for materials used in attempting to repair the roof. This bill was rejected, and a lien was then filed and suit brought by the Raeco Company to foreclose the lien. The present action was afterwards brought, and the Raeco Company was made a party and appeared, and the question of the right of the Raeco Company to recover was tried out in this case. The court found that the Raeco Company was entitled to foreclose this lien for the sum of $359.08 and costs and attorney's fees, amounting altogether to $465.45.

It is argued that the cost of both these roofs cannot justly be charged against the appellant. This contention must be sustained. The evidence convinces us that the roof placed on the building by the Raeco Company was insufficient, was

41—49 WASH.

of no value, and was not a substantial performance of its contract. The roof leaked from the beginning, and for a month thereafter, and it was in substance conceded that it was not a proper roof for the building. We are satisfied from a careful reading of the evidence that the architect was justified in rejecting the work and ordering the workmen of the Raeco Company from the roof after they had a month in the rainy season when the leaks were damaging the building and had failed to make the roof turn water. The roof which was afterwards put upon the building was placed there at the instance of the architect in charge for the appellant company, and, as a matter of course, was a valid claim against the appellant under the contract. The fact that the contractor afterwards agreed that both items should be allowed cannot be considered, because the appellant was then in charge of the work and was not bound by admissions of the contractor who had practically surrendered the work to the surety company for completion. When the contractor was in charge, the claim was rejected by the architect. This item of $465.45 should therefore have been rejected and the Raeco Company dismissed.

It is next claimed that the complaint should have been dismissed for the reason that the plaintiff is a corporation and it was not alleged or proven that it had paid its annual license fee under the provisions of the Laws of 1907, page 271. This action was begun before that act took effect. The act is not retroactive.

It is next claimed that the trial court erred in excluding evidence relating to departures from the requirements of the original contract during the performance of the work, and that settlements were made without notice. A complete answer to all these contentions is that the appellant, by the contract of February 4, set out above, expressly "waives any and all objections it may have and agrees to immediately carry out all of its obligations under said bond by paying

any and all claims against said second party, the Exposition Amusement Company." Thereafter it assumed to complete the building, and placed the same in charge of Mr. Long, the architect, who did complete it. Even if the final settlement which was had between the Amusement Company, Mr. Williams, the contractor, and the architect, was without notice to the appellant, as is contended, the result would be that the appellant was not bound thereby and might in this suit contest the same, which was done.

We are of the opinion that all the claims allowed, together with the attorney's fees, were properly allowed, with the exception of the claim of the Raeco Company above considered. As to that claim the judgment is reversed. In all other respects the judgment is affirmed, with costs in favor of the appellant.

HADLEY, C. J., CROW, DUNBAR, ROOT, FULLERTON, and RUDKIN, JJ., concur.

### ON PETITION FOR REHEARING.

[Decided September 26, 1908.]

PER CURIAM.—The Raeco Products Company has filed a petition for a rehearing in this case. The decision does not affect the right of the Raeco Company to recover the amount of its lien against the Exposition Amusement Company. The lien of the Raeco Company was established both against the Amusement Company and the appellant. The Amusement Company did not appeal, and the judgment became final as to it. The decision reversing the judgment against the appellant did not, therefore, affect the right of the Raeco Company against the Amusement Company. We do not desire to change our conclusion so far as it affects the appellant. The petition for rehearing is therefore denied.