[No. 7629.    Decided September 29, 1908.]

ROBERT KATH, *Appellant*, v. HISTOGENETIC MEDICINE COMPANY, *Respondent*, S. L. BROWN, *Defendant*.[1]

APPEAL—TIME FOR TAKING—FINAL ORDERS.    An order dismissing a petition to vacate a judgment for fraud in obtaining the same, is a final order made after judgment affecting a substantial right; and therefore an appeal need not be taken within the fifteen days limited for other than final orders, and is in time if taken within ninety days.

Motion to dismiss an appeal from an order of the superior court for King county, Morris, J., entered May 6, 1908, dis-missing an application to vacate a judgment.    Denied.

*J. L. Finch*, for appellant.

*J. C. Allen*, for respondent.

[1]Reported in 97 Pac. 464.

PER CURIAM.—The respondent moves to dismiss the appeal in this case. It appears that the appellant filed a petition in the court below to vacate a judgment rendered in favor of the defendants in an action by the appellant against S. L. Brown, defendant, and the Histogenetic Medicine Company, intervener, for fraud alleged to have been practiced in obtaining the judgment. Upon a trial the court denied the petition, and the petitioner appeals.

The order denying the petition was entered on May 6, 1908. Notice of appeal was given on August 4, 1908. It is claimed by the respondent that the appeal should have been taken within fifteen days. The statute provides, at subd. 7 of § 6500, Bal. Code (P. C. § 1048), that an appeal may be taken "from any final order made after judgment which affects a substantial right." There can be no doubt that the final order in this case comes within this provision, if it is not a "final judgment" within the meaning of subd. 1 of the same section. Bal. Code, § 6502 (P. C. § 1050), provides:

"In civil actions and proceedings an appeal from any final judgment must be taken within ninety days after the date of the entry of such final judgment; and an appeal from any order, other than a final order, from which an appeal is allowed by this act, within fifteen days after the entry of the order,  .  .  ."

It seems clear that the fifteen-day limitation for taking appeals applies to interlocutory orders, and that the ninety-day limitation applies to final judgments and final orders which determine the action. The statute under which *Braely v. Marks*, 13 Wash. 224, 43 Pac. 27, was decided was materially different from the one now in force.

The motion to dismiss the appeal must therefore be denied.