[No. 8112. Department One. October 22, 1909.]

EXPOSITION AMUSEMENT COMPANY, *Appellant*, v. RAECO PRODUCTS COMPANY, *Respondent.*[1]

APPEAL—NOTICE—PARTIES TO BE SERVED. Upon appeal from an order of sale of appellant's property to satisfy one of several liens established by a judgment, in which only the appellant and such lien claimant are interested, notice of appeal need not be served on any of the other parties to the action.

APPEAL — RECORD — PRESERVATION OF GROUNDS — STATEMENT OF FACTS—QUESTIONS FOR REVIEW. Where the only question on appeal is the power to engraft an order of sale upon an original judgment, after modification on a prior appeal, a statement of facts and the entire record in the original action need not be brought up on appeal,

[1]Reported in 104 Pac. 509.

the original judgment, the motion, order of sale and notice of appeal being sufficient to review the question.

APPEAL—DECISION—JUDGMENTS — CONCLUSIVENESS — PARTIES AND MATTERS CONCLUDED. Where, upon an appeal by a surety company from a judgment establishing claims against it in favor of codefendants, the supreme court held that a certain lien claimant had no claim against the surety company, and neither the plaintiff nor the claimant had taken any appeal, the judgment of the lower court is conclusive as between them, and the supreme court cannot modify the judgment by a decision allowing the claimant to collect the amount of its lien from the plaintiff, nor can the superior court issue, or engraft upon the original judgment, an order of sale of plaintiff's property to satisfy the lien.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 2, 1909, granting defendant's motion for an order to sell real property in satisfaction of a judgment. Reversed.

*Williamson & Williamson* (*J. W. A. Nichols*, of counsel), for appellant.

*Ellis, Fletcher & Evans*, for respondent.

Gose, J.—In December, 1907, a judgment was entered in the superior court of Pierce county in an action then pending therein, wherein the appellant herein was the plaintiff, and the respondent and the Empire State Surety Company et al. were defendants, in favor of the appellant and against the surety company, for $5,488.14. The judgment provided for its enforcement in the regular way, and that the proceeds thereof should be applied ratably in payment of the claim of the respondent, fixed at $465.45, and other claims established therein. The judgment further provided that the appellant, or any one of the defendants therein other than the surety company, could cause process to issue for its enforcement, "all in the name of the plaintiff," and that, upon full payment of all of the established claims, "the liens of the defendants herein and each of them be and shall become null and void, and of no further force and effect."

From this judgment the surety company only appealed. In considering the appeal on the merits, we held that the respondent had no claim against the appellant therein, and to that extent only modified the judgment. In denying a petition for rehearing, we said:

"The decision does not affect the right of the Raeco Company to recover the amount of its lien against the Exposition Amusement Company [the appellant here]. The lien of the Raeco Company was established both against the Amusement Company and the appellant. The Amusement Company did not appeal, and the judgment became final as to it." *Exposition Amusement Co. v. Empire State Surety Co.*, 49 Wash. 637, 96 Pac. 158, 97 Pac. 464.

Upon the filing of the remittitur in the lower court, and in October, 1908, the respondent here filed its motion in such court for a decree and order to sell certain real estate, the property of the appellant, to satisfy its claim, which being granted on January 2, 1909, this appeal was taken.

The respondent has moved to dismiss the appeal, on two grounds: (1) Because the notice of appeal was not served upon all the parties; (2) because no statement of facts or bill of exceptions has been settled or filed. The appellant and the respondent are the only parties affected by the order of sale. The notice was served upon the latter. This meets the demands of the law. The record here consists of the original judgment, the motion and order of sale, the notice of appeal, the order fixing a supersedeas bond, and the bond. The respondent contends that the entire record in the first case should have been brought up, in order that this court might have a proper understanding of the issues. This was not necessary. The only question to be reviewed is the power of the lower court to engraft an order for the sale of the appellant's property upon the original judgment. The record here presents this question. The motion will therefore be denied.

Upon the merits, as we have seen, in the original action, the appellant was the plaintiff and the surety company

the appellant, and others claiming liens were defendants. Neither the appellant nor the respondent here appealed from the former judgment. As between them, therefore, it was final, and to that extent this court had no jurisdiction to modify it. Their rights must be determined from an inspection of the judgment. The judgment was a personal one in favor of the appellant here and against the surety company. It established the respondent's claim, but only made it enforcible against the property of the surety company. That right having been taken from it upon appeal, it now stands as a litigant without a claim or a judgment. The judgment was in no sense one against this appellant. The respondent cannot invoke the record in the original suit anterior to the judgment. There must be a finality to judicial proceedings; otherwise, utter confusion would obtain. The rights of the parties merged in the judgment and were not subject to modification after the appeal, other than by this court. The language quoted from the opinion on rehearing was used under a misapprehension of the record. We were without jurisdiction to modify the judgment as between these parties. If the original findings of fact and conclusions of law justified the establishment of a lien upon the appellant's property and an order for its sale, they should have been carried into the judgment or decree, either at the time of its entry or upon proper and seasonable application before appeal.

The decree will be reversed, with directions to the trial court to deny the motion.

RUDKIN, C. J., MORRIS, FULLERTON, and CHADWICK, JJ., concur.