[No. 1904, June 13, 1916.]

NEW MEXICO-COLORADO COAL & MINING CO. v. EIGHTH JUDICIAL DISTRICT COURT OF NEW MEXICO et al.

### SYLLABUS BY THE COURT.

Where an application is made to this court for a writ of prohibition to restrain the district court from entertaining jurisdiction under section 2214, Code 1915, in proceedings supplementary to execution to enforce the collection of a judgment rendered against a corporation, and such original judgment has been vacated and set aside by this court on appeal, and a new judgment ordered entered by the district court, the original execution issued upon the first judgment becomes functus officio; hence it is to be presumed that the district court will not proceed further, under such supplementary proceedings, in aid thereof, and the application for the writ will be denied.

Application for writ of prohibition by the New Mexico-Colorado Coal & Mining Company, a corporation, against the Eighth Judicial District Court of the State of New Mexico and others. Writ denied.

MORROW & ALFORD of Raton, J. G. NORTHCUTT of Trinidad, Colo., and E. P. DAVIES of Santa Fe, for petitioner.

H. L. BICKLEY and A. C. VOORHEES, both of Raton, for respondents.

## OPINION OF THE COURT.

ROBERTS, C. J.—J. R. Baker and George E. Gano, partners doing business under the firm name "Rock Milling & Elevator Company," obtained judgment against the petitioner in the district court of Colfax county for the sum of $13,500 and costs. From this judgment the petitioner appealed to this court, without filing a supersedeas bond. Execution upon this judgment was issued at the instance of the judgment creditors, which was returned nulla bona, whereupon proceedings supplementary to execution were commenced under section 2214, Code 1915, by such judgment creditors. The trial court, over objection, held that such judgment creditors were entitled to the remedy, and appointed one Henry Kiker as referee to conduct an examination regarding the property of the defendant.

On February 14, 1915, petitioner filed its application in this court for writ of certiorari to bring up the record, and for a writ of prohibition restraining and enjoining the lower court and its officers from proceeding further under such supplementary proceedings, setting out various grounds wherein it challenged the jurisdiction of the court to so proceed. A temporary writ and order to show cause was issued. Thereafter, on April 29, 1915, this court modified the judgment entered in the original proceeding, reducing the amount of recovery to $9,000, and remanded the cause to the district court for further proceedings. Such being the status of the case, the original execution is functus officio; hence the district court presumably will not attempt to proceed further to enforce the same.

For reasons stated, the writ will be denied; and it is so ordered.

HANNA and PARKER, J.J., concur.