[No. 1959, December 21, 1916.]

## LLEWELLYN v. FIRST STATE BANK OF LAS CRUCES et al.

### SYLLABUS BY THE COURT.

The taking of an appeal or suing out a writ of error does not operate as a stay of execution, and a judgment plaintiff has a right to issue execution upon such judgment, or take such other proceedings as the law contemplates, in the absence of a supersedeas bond approved and filed in accordance with law.

Error to District Court, Doña Ana County; Medler, Judge.

Llewellyn v., First State Bank of L. C., 22 N. M. 358.

Action by M. O. Llewellyn against the First State Bank of Las Cruces and others. There was a judgment for the latter, and the former brings error. Reversed and remanded.

EDWARD C. WADE, JR., of El Paso, Tex., for plaintiff in error.

## STATEMENT OF FACTS.

On April 8, 1916, pursuant to proceedings theretofore had, the district court of Doña Ana county, N. M., rendered judgment for $64,298.11, in favor of plaintiff in error, M. O. Llewellyn, for the use and benefit of the state of New Mexico, against W. N. Hager, T. R. H. Smith, and others. The judgment directed the issuance of execution, from which judgment the defendant Hager took an appeal to the Supreme Court. After said judgment was entered and appeal granted, no supersedeas bond having been filed, execution was sued out and returned by the sheriff nulla bona. Thereupon Llewellyn filed an affidavit in accordance with the provisions of section 2214, Code 1915, setting up, among others, the facts aforesaid. The clerk forthwith issued a summons thereon, commanding Hager to appear within 10 days and submit to an examination regarding any property that he might have. This summons was duly served upon Hager. Subsequently, on April 13, 1916, plaintiff filed an application with the court, asking the court to set a time. and place for the appearance of the defendant for examination under the provisions of section 2214, supra, or that the court appoint some proper person as referee to hear the same and direct the appearance of the judgment debtor before said referee at a time and place to be designated by the court. This application came on for hearing, and was denied by the court upon the sole ground that the appeal allowed to Hager in the judgment of April 8, 1916, operated as a stay of proceedings for the enforcement thereof during the 60-day period allowed by law for the filing of supersedeas bond. To review this order this writ of error is prosecuted.

OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—The sole question for determination is whether or not the suing out of an appeal without the giving of a supersedeas bond operates to stay execution for a period of 60 days, within which time, under the provisions of section 4485, Code 1915, appellant or plaintiff in error may file a supersedeas bond which operates to stay proceedings in such case until the same is finally determined upon such appeal or writ of error in the Supreme Court. Section 4485 reads as follows:

"There shall be no supersedeas or stay of execution upon any final judgment or decision of any of the district courts in which an appeal has been taken or a writ of error sued out unless such appellant or plaintiff in error shall, within sixty days from the date of entry of such judgment or decision, or some responsible person for him, execute a bond to the adverse party in double the amount of such judgment complained of, with sufficient sureties, to be approved by the clerk of the district court, in case of appeals and by the clerk of the Supreme Court in case of writ of error, conditioned for the payment of such judgment, and all the costs that may be adjudged against him in case such appeal or writ of error be dismissed or the judgment or decision of the district court be affirmed. In case the decision appealed from, or from which a writ of error is sued out, is for a recovery, other than a fixed amount of money, then the amount of such bond, if an appeal is taken, shall be fixed by 'the district court or the judge thereof, and in case of a writ of error, by the Chief Justice or any Associate Justice of the Supreme Court, conditioned that the appellant or plaintiff in error shall prosecute said appeal or writ of error with due diligence in the Supreme Court, and that if the decision of the court below be affirmed or the appeal or writ of error be dismissed he will comply with the decree of the district court and pay all damages and costs adjudged against him in the district court and in the Supreme Court on such appeal or writ of error. Upon the approval of the bonds provided for in this section, and upon filing the bond, in case of appeal, with the clerk of the district court, and in case of a writ of error, with the clerk of the Supreme Court, there shall be a stay of proceedings in such cause until the same is finally determined upon such appeal or writ of error in the Supreme Court."

Not a word is to be found in the whole section to the effect that there shall be any stay of proceedings except in

the last sentence, which declares that, upon the approval of the bond and filing of the same, there shall be a stay of proceedings in the cause until it is finally determined upon the appeal or writ of error in the Supreme Court. In other words, there can be no stay until the bond is approved and filed. This is in accordance with the universay practice throughout the United States. In 3 Corpus Juris, p. 1273:

"In most, if not all, jurisdictions in the United States supersedeas and stay of proceedings are the subject of statutory provision, and the rule very generally obtains that an appeal or writ of error does not, per se, operate as a supersedeas, but in order that it may so operate the court must so order, or a bond or other security must be given, or other conditions complied with, according to the provisions of the statute."

We are therefore required to hold that the taking of an appeal or suing out of a writ of error does not operate as a stay of execution, and that a judgment plaintiff has a right to issue execution upon such judgment, or take such other proceedings as the law contemplates, in the absence of a supersedeas bond approved and filed in accordance with the law.

For the reasons stated the judgment of the district court is reversed, and the cause is remanded, with instructions to proceed in accordance with this opinion; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.