[No. 3459.   Dec. 23, 1929.]

[Rehearing Denied Feb. 5, 1930.]

DAVIDSON v. CONLEY.

[284 Pac. 1020.]

C. J. Neis and J. D. Mell, both of Roswell, for plaintiff in error.

O. E. Little, of Roswell, for defendant in error.

OPINION OF THE COURT

WATSON, J. This is a motion to quash a writ of error directed to an order made upon supplementary proceedings. Code 1915, § 2214. See Hammond et al. v. District Court, 30 N. M. 137, 228 P. 758, 760, where the cited section is set forth in full.

Several grounds are assigned. We need mention but one. The writ of error was sued out within six months from, but more than twenty days after, the entry of the order. App. Proc. Rules II and IV. In this situation it is urged in favor of the motion that the order in question is a "final order affecting a substantial right made after the entry of final judgment," under section 2 of Rule II; while, against the motion, it is urged that it is a "final judgment in any civil action," under section 1 of Rule II.

We think the motion must be sustained. We do not think that this special proceeding is a "civil action." Nor do we agree with plaintiff in error that it is to be considered as in effect an independent action in equity in aid of execution. The statute itself provides that it can only be instituted "in the court where said judgment is of record." It does not provide, but this court has said, that it "is auxiliary to and a part of the original action in the sense that it proceeds out of and takes the same number on the docket as the original cause." Hammond et al. v. District Court, supra. Where the execution in the original action has become functus officio, supplementary proceedings must abate. New Mexico-Colorado C. & M. Co. v. District Court, 21 N. M. 728, 158 P. 489. Supersedeas of the original judgment will for the time being stay such proceedings. Llewellyn v. First State Bank, 22 N. M.

358, 161 P. 1185. The whole proceeding, as laid out in the statute, is so inseparable from the original action, that it would be illogical, and would result in confusion, to attempt to classify the order made therein as a final judgment in a civil action. It seems wise, moreover, that such an order as this should be made the subject-matter of a short appeal only, and we have no doubt that the Legislature so intended. To keep open for six months the right to appeal would result in useless and harmful delays.

Plaintiff in error urges that Hammond v. District Court, supra, is opposed to this view, but we do not think so.

We conclude that the writ of error must be quashed, and it is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and CATRON, JJ., did not participate.