113 P.2d 585

## GUTIERREZ v. BRADY.

### No. 4593.

Supreme Court of New Mexico.

May 17, 1941.

H. B. Hamilton, of Santa Rosa, for plaintiff in error.

J. C. Gilbert, of Hot Springs, and H. A. Kiker, of Santa Fe, for defendant in error.

BICKLEY, Justice.

Defendant in error moves to dismiss the writ of error in this case applied for October 3, 1940. It appears that plaintiff in error filed a motion in the court below to vacate a judgment in favor of defendant in error, on the ground of newly discovered evidence. For further details as to said motion, see State v. Frenger, District Judge, 44 N.M. 386, 103 P.2d 115. Upon a hearing of the last mentioned motion, it was denied on July 11, 1940.

It is claimed by defendant in error that the petition for writ of error should have been filed here within twenty days under Sec. 2 of Rule V, Supreme Court Rules, which provides that appeals shall be allowed "from all final orders affecting a substantial right made after the entry of final judgment", if applied for within twenty days from the entry of the judgment or order appealed from. There can be no doubt that the final order in this case denying the motion to vacate the final judgment comes within this provision, if it is not a "final judgment" within the provisions of Sec. 1 of the same rule—which provides that within three months from the entry of any final judgment, any party aggrieved may appeal therefrom.

Upon similar proceedings, the Supreme Court of Washington, in Kath v. Histogenetic Medicine Co., 50 Wash. 454, 97 P. 464, said that it was clear that the provisions for a short appeal "from any final order made after judgment which affects a substantial right," governed, and an order denying motion to vacate a judgment for fraud alleged to have been practiced in obtaining the final judgment was an interlocutory order as distinguished from final judgments or orders "which determine the action".

In Jordan v. Jordan, 29 N.M. 95, 218 P. 1035, 1036, an order was made and entered vacating a final decree in part, and it was held that an order vacating a final judgment is governed by Sec. 2 of Chap. 43, Laws of 1917 (Sec. 2, Rule V, Supreme Court Rules). The court said: "By section 1 of the act, appeals from final judgments are authorized. That this appeal does not fall within that section is at once apparent, because the order appealed from is in no sense a final judgment. It is an order vacating a final judgment, *but does not in any sense adjudicate any of the rights of the parties to the property involved.* The only other appeals authorized by the act are those specified in section 2 thereof. They are from all final orders affecting a substantial right, made after the entry of a final judgment * * *.

"Indeed, appellant must come within this section of the statute in order to have any standing here at all, as the right to appeal from the action of an inferior court must be derived from express constitutional or statutory authority. It must be expressly granted by one or the other. In their absence, no such right exists. * * * So that the appellant must derive his right to

appeal from the order in question by the provisions of section 2 of the statute." (Emphasis supplied).

In the Jordan case we cited our former decision in Alamogordo Improvement Co. v. Palmer, 28 N.M. 590, 216 P. 686, 689, in support.

From an examination of the record in that case, it appears that the attorneys for appellants, resisting the motion to dismiss the appeal, urged that the motion for opening and correcting the final decree was, in effect, a Bill of Review; that it was "in the nature of an independent proceeding although filed in the original cause, and when issue is joined thereon the final determination of that issue is a final decree as to the parties thereto whether such determination is called an order, a judgment or a decree," and further contended that it was not in any sense an interlocutory order. Counsel for appellants, in their brief, said one of the questions presented was: "Third, was the judgment upon the bill of review a final decree from which an appeal could be perfected within ninety days, or merely an order made after final judgment from which it was necessary to perfect the appeal within sixty days?" We answered this question as follows: "An application to amend the decree upon the ground that the court below, although it had intended to award relief, had in fact failed to do so through inadvertence and mistake, is an application for a 'final order affecting a substantial right made after final judgment,' as contemplated by section 2, c. 43,

Laws 1917, and the judgment upon such an application is not a final judgment denying relief upon the merits. The return day of the appeal from such judgment is sixty days after the appeal was allowed." In the opinion we said: "It is clear, therefore, that the question before the court, and which was decided, was whether a mistake had been made in omitting this man from the decree, not whether he was entitled to the award of the water right on the pleadings and evidence in the case. It would seem to follow, necessarily, that this judgment is a 'final order affecting a substantial right made after the entry of final judgment,' as contemplated by section 2, chapter 43, Laws 1917, and is not a final judgment denying relief upon the merits. The return day of the appeal, therefore, was 60 days after it was allowed, and our action in affirming the judgment was correct."

Without citing the Alamogordo Improvement Co. case, the plaintiff in error urges upon us the view urged by appellants in that case, and which was there rejected. She also relies upon the circumstance that we said parenthetically in State v. Frenger, supra, in a question propounded, that the motion to set aside the decree of the district court was "(in effect a bill of review based upon newly discovered evidence)".

This is a slender reed to lean upon. Because we said it was appropriate to apply the principles governing decisions on bills of review, it does not follow that a motion to set aside and vacate a judgment was an

independent action by way of bill of review.

We also suggest, but do not decide, that the decision of a district court in refusing leave to file a bill of review, even in an independent action, or dismissing the same without a rehearing of the original cause, may be nothing more than a final order affecting a substantial right made after the entry of final judgment.

We think the enactment by the legislature of Sec. 2 of Chap. 43, Laws of 1917, relative to appellate procedure (105-2502, N.M.S.A., 1929 Comp., Sec. 2, Rule V, Supreme Court Rules), broadens the occasions when appeals may be allowed from the decisions of district courts so that decisions lacking some of the characteristics of a "final judgment" may nevertheless be appealable if they come within the classification "final orders affecting a substantial right made after the entry of final judgment."

The texts and decisions discussing bills of review point out that the petition for leave to file a bill of review should be timely made and that laches may be a bar to leave to file such a bill. It has been often well said that there must be not only an end to litigation, but that decisions upon proceedings to vacate or set aside final judgments should not be unreasonably delayed. In Davidson v. Conley, 34 N.M. 518, 284 P. 1020, 1021, it was decided that a writ of error to review an order in proceedings supplementary to execution may be issued not later than twenty days after entry of order, citing Appellate Procedure, Rule 2, Sec. 2, Rule 4 (Sec. 2, Rule V, Supreme Court Rules). In the course of the decision, we said: "It seems wise, moreover, that such an order as this should be made the subject-matter of a short appeal only, and we have no doubt that the Legislature so intended. To keep open for six months the right to appeal would result in useless and harmful delays." So we say here that it seems wise that a final order affecting a substantial right made after the entry of final judgment, such as in the case at bar, should be made the subject matter of a short appeal only, and that a petition to vacate or set aside a final judgment upon the ground of newly discovered evidence or other permissible grounds wisely should be deemed a petition for a final order affecting a substantial right made after the entry of final judgment, whether said petition is made in the case in which the final judgment was rendered or in an independent proceeding, and that such order, when made, should be the subject matter of a short appeal only. But the matter not being before us is not decided.

In Singleton v. Sanabrea, 35 N.M. 205, 292 P. 6, 7, in holding that an order of the district court setting aside a final judgment after the entry thereof is a final order affecting a substantial right and appealable, we said: "But for such order, the plaintiff would have been entitled in law to the immediate fruits of his judgment. Of this right the order deprived him." A prevailing party ought not to be deprived of the benefit of his judgment, whether it af-

fords him affirmative relief or whether it affords him merely repose. Therefore, when such final judgment is assailed, it seems desirable and wise that a decision opening the judgment or decree, if appealed from, should be the subject matter of a short appeal only, and we have no doubt that this is within the intention of the legislature in providing for such short appeals. The answer of Judge Frenger in the prohibition case, State v. Frenger, supra, shows clearly by denials and affirmative statements that the trial court, in considering the motion to vacate and set aside the final judgment assailed, did not enter upon a re-investigation of the merits of the cause in which said final judgment had been entered, but was proceeding to consider said motion "for the sole purpose of deciding whether said judgment should be set aside and as to what jurisdiction the respondent had in the matter." This seems to be in line with the statements made in the petition for allowance of the writ of error, which is now before us upon the motion to dismiss. As appears in State v. Frenger, supra, the assault upon the final judgment was by motion "to set aside, vacate, and hold for nought the judgment rendered in the above styled and numbered cause,". The defendant in the cause, resisting the motion, made no objection to the nature and form of the proceeding. The parties and the court treated it as an appropriate method of determining the question involved.

■ An examination of the provisions of Sec. 2 of Rule V, Supreme Court Rules, suggests that the form of the decision (whether an order or judgment) is not the controlling factor. While the first part of the section says: "Appeals shall also be allowed by the District Court, * * * from all *final orders* affecting a substantial right made after the entry of final judgment", it is later said that "application for allowance of appeal under the provisions of this section must be made within twenty days from the entry of the *judgment,* order, decision or conviction appealed from." (Emphasis supplied.)

Thus, judgment, order, decision, are used interchangeably, so that, it would not be out of line to read the section as providing that: ."Appeals shall also be allowed by the district court, from all final *judgments* affecting a substantial right made after the entry of final judgment."

We apprehend that it was not the legislative thought in 1917, in providing for short-appeals, nor of this court in adopting the language of the statute as a Rule, that the proposition turns on whether the judgment, order or decision originates in the same case or an independent one.

The differentiation between the long and short appeal, so far as decisions "affecting a substantial right made after the entry of final judgment" are concerned, arises from the fact that the later judgment, order or decision stems in some way from the former final judgment which has theretofore been entered. If it does, such judgment, order or decision should be made the subject matter of a short appeal only.

In an annotation to Brewer v. Bowman, 3 J.J.Marsh., Ky., 492, 20 Am.Dec. 158, prepared by Mr. Freeman, author of Freeman on Judgments, under the title "Bills of Review, Their Nature and Scope", it is said: "Bills of review and bills in the nature of bills of review, therefore, will be examined together, they being governed by the same general principles, and the main distinction between them, the enrollment or non-enrollment of the decree being practically discarded."

If, in a proceeding to set aside the judgment, whether by bill of review in an independent action or by motion in the nature of bill of review in the same case, the petition were sustained, and the former final judgment or decree opened, and the court proceeded to hear the original cause, and the bill of review, with the evidence under each, together, and any other material evidence, (which Puterbaugh's Pleading and Practice, 6th Ed., p. 317, says is the proper practice) and a new judgment rendered, there might then be a "final judgment" in the cause in the sense referred to in Sec. 1 of Rule V, Supreme Court Rules. This, too, is here employed by way of illustration merely to distinguish it from the case at bar, possibly.

From all of the foregoing, it appears that the motion to dismiss the writ of error must be sustained, and it is so ordered.

SADLER, ZINN, and MABRY, JJ., concur.

BRICE, C. J., did not participate.