394 P.2d 1004

The BOARD OF EDUCATION OF SAN
MIGUEL COUNTY, New Mexico, et
al., Plaintiffs-Appellants,

v.

The STATE BOARD OF EDUCATION, the
State of New Mexico, and Tom Wiley, the
State Superintendent of Public Instruction,
Defendants-Appellees.

No. 7451.

Supreme Court of New Mexico.

Aug. 24, 1964.

Matias A. Zamora, Ernest E. Valdez,
John E. Conway, Santa Fe, for appellants.

Earl E. Hartley, Atty. Gen., Wayne C.
Wolf, James V. Noble, Asst. Attys. Gen.,
E. P. Ripley, Sp. Asst. Atty. Gen., Santa Fe,
for appellees.

CHAVEZ, Justice.

This is an appeal from a judgment dissolving a temporary restraining order and denying an injunction.

The parties to this appeal, as named in the complaint, are: Plaintiffs-appellants, the board of education of San Miguel County, and individual persons who are citizens, residents, taxpayers and parents of children of school age of rural school districts under the jurisdiction of the San Miguel county board of education, hereinafter referred to as the "County Board;" and defendants-appellees, the state board of education, hereinafter referred to as the "State Board," a body politic, organized and existing by virtue of the constitution of the state of New Mexico, having the control, management and direction of the public schools of the state of New Mexico; and Tom Wiley, hereinafter referred to as the "Superintendent," the duly appointed and acting state superintendent of public instruction.

The County Board filed its complaint on December 26, 1962, which, after alleging the status and condition of the parties, alleged that, on August 20, 1962, the State Board, by the Superintendent, issued an order purporting to consolidate all school districts under the jurisdiction of the County Board in accordance with the provisions of § 29, Ch. 21, Spec.Sess., Laws 1962, with adjacent municipal school districts; that, under the provisions of § 29, Ch. 21, supra, the State

Board was required to present to the County Board a plan for the administrative reorganization of the county administrative unit, to combine it with an existing adjacent municipal administrative unit before September 1, 1962; that, prior to September 1, 1962, the State Board did not present to the County Board a plan for the administrative reorganization of the county administrative unit, to combine it with an existing adjacent municipal administrative unit; that the State Board did not, at any time prior to the issuance of the order, notify the County Board and persons residing in the school districts within the jurisdiction of the said County Board of a public hearing; that the County Board, upon information and belief, alleged that the State Board did not hold a public hearing, thereby denying the County Board and other persons similarly situated the right to be heard, to advise, to express, and to disclose their interests, all in flagrant, arbitrary and capricious disregard to the express provisions of § 29, Ch. 21, supra; that the proposed administrative reorganization is impractical, by reason of the distances involved, and it cannot reasonably be expected that the reorganization will result in improved instruction; and that the County Board will suffer irreparable loss, having no speedy, plain and adequate remedy at law, and prayed for a temporary restraining order.

On December 21, 1962, a temporary restraining order was issued, restraining the

State Board and the Superintendent from placing the reorganization into effect. On January 7, 1963, the State Board and the Superintendent filed a motion to dismiss, alleging that the petition failed to allege facts showing irreparable loss; that the restraining order failed to require security; that the County Board had failed to exhaust its administrative remedies; that the County Board was without standing to maintain this action except through the attorney general; that the complaint failed to state facts sufficient for relief; that San Miguel County municipal school districts Nos. 1 and 2 are necessary and indispensable parties to the action; that if the order of reorganization be determined valid, the reorganized school districts will suffer great damage by virtue of the probability of the County Board entering into contracts. On January 18, 1963, the motion was denied.

On the same day, the State Board and the Superintendent filed their answer in which they denied: That they did not submit a plan to the County Board; that they did not notify the County Board or hold a public hearing; that the proposed plan is impractical by reason of distances; and that the proposed plan is unlawful. As legal defenses, the State Board and the Superintendent repeated the defenses alleged in their motion to dismiss of January 7, 1963. On February 5, 1963, the court handed down its judgment dissolving the temporary restraining order and dismissing the County Board's complaint.

The trial court made the following findings of fact:

"VI.   That Section 29 of said Chapter required the State Board of Education, among other things, to administratively reorganize county school units having an enrollment of less than 1500 students with adjacent municipal units, unless found to be impracticable, not to the best interests of the county students involved or it would result in there being no administrative unit in the county.

"VII.   That the San Miguel County School system had less than 1500 students and that the school system of the Town of Las Vegas and the City of Las Vegas were administrative units within the county.

"VIII.   That subsequent to the enactment of said law, the Defendants, or their agents and employees, did commence a survey to determine the most practicable method of effecting said reorganization.

"IX.   That pursuant to said study and following discussion thereof, the Defendant, State Board of Education, at its meeting of August

2nd and 3rd, 1963, did adopt a plan of administrative reorganization which was subsequently set forth in its order issued by Defendant, Tom Wiley, on August 20, 1962.

"X. That at all times material hereto, the Plaintiff, Board of Education of the County of San. Miguel was advised of the plan to be proposed, although not in writing, until after the order of August 20th was issued.

"XI. That the Defendant, State Board of Education, did not find, prior to its issuance of its order dated August 20, 1962, that its reorganization plan contained in said ·order was impracticable or not to the best interests of the children in the San Miguel County School system.

"XII. That the minutes of the meeting of the Plaintiff, The Board of Education of San Miguel County, New Mexico, reflect the said order of the State Board of Education dated August 20, 1962, in full and fail to disclose any objection thereto.

"XIII. That the minutes of the Plaintiff, The Board of Education of San Miguel County, New Mexico, disclose that no objection to said plan was made by said Plaintiff ·until its meeting·in late December, 1962.

"XIV. That the Plaintiff, County Board of Education of San Miguel County, at no time submitted any suggested modification, substitution or alteration to said plan as contained in said order dated August 20, 1962.

"XV. That the Defendants did substantially comply with the requirements of said act so as to implement it by effecting the administrative reorganization of the school system of San Miguel County, in accordance with the said order dated August 20, 1962."

On December 27, 1963, a motion was filed in this court moving for dismissal of the appeal on the grounds:

"1. That Appellants have failed to join an indispensable party herein and the appeal should, therefore, be dismissed for lack of jurisdiction.

"2. That Appellants have failed to substitute the present State Superintendent of Education for the State Superintendent of Education named herein within the time provided by law; that said individuals were and are officials

of the State of New Mexico; that under such circumstances it is mandatory that the appeal be hence dismissed.

"3. Appellees suggest that the questions and issues involved in this appeal have become moot and that no effective relief could now be granted, there being no object to continuing this appeal, and this appeal should, therefore, be hence dismissed."

A ruling on this motion was deferred until we could hear the case on the merits.

In Llewellyn v. First State Bank of Las Cruces, 22 N.M. 358, 161 P. 1185, this court held:

"* * * that the taking of an appeal or suing out of a writ of error does not operate as a stay of execution, and that a judgment plaintiff has a right to issue execution upon such judgment, or take such other proceedings as the law contemplates, in the absence of a supersedeas bond approved and filed in accordance with the law."

See also, Rogers v. Herbst, 25 N.M. 408, 183 P. 749; Supreme Court Rule 9(1) (§ 21–2–1(9) (1), N.M.S.A., 1953 Comp.).

The record in the case before us does not show the application for or the issuance of a supersedeas bond. Therefore, the State Board and the Superintendent have the right to take such other proceedings as the law contemplates. Accordingly, the execution of the plan of administrative reorganization was proper. The administrative reorganization having gone into effect, nothing remains for this court to decide and the case is moot.

In Carman v. Board of Commissioners of McKinley County, 32 N.M. 517, 259 P. 821, a suit for injunction was brought to enjoin the issuance of bonds by the county for the purpose of repair and construction of roads and bridges. The injunction was denied and the case brought on appeal. Thereafter, the bonds were sold and the proceeds received by the county. A motion was made to dismiss the appeal by appellees and, in granting that motion to dismiss, we said:

"It follows that the question in the case as to the power and authority of the county commissioners to issue these bonds has become moot and requires no consideration by this court. See Yates v. Vail, 29 N.M. 185, 221 P. 563."

The questions in the instant case, as to the power and authority of the State Board to execute a plan of administrative reorganization within the county of San Miguel, being moot, it therefore follows that those questions require no consideration by this court and the motion to dismiss the appeal is granted.

It is so ordered.

CARMODY and NOBLE, JJ., concur.