[No. 2845.   Sept. 15, 1923.]

## JORDAN V. JORDAN.

### SYLLABUS BY THE COURT

1.   The right of appeal to the Supreme Court is a creature of constitutional or statutory authority, in the absence of which such right does not exist.

2.   Section 2 of article 6 of the Constitution prescribes the appellate jurisdiction of the Supreme Court, but it does not give to litigants the right to invoke such jurisdiction by appeal.

3.   An appeal from an order vacating a final judgment is governed by the provisions of section 2 of chapter 43, Laws of 1917.

4.   Such an appeal must be prayed for within 20 days after the entry of the order appealed from.

Appeal from District Court, Quay County; Leib, Judge.

Suit by James O. Jordan against Clella E. Jordan. From an order vacating a decree of divorce, plaintiff appeals.   Affirmed.

R. A. Prentice, of Tucumcari, for appellant.

H. A. Kiker, of Raton, and M. B. Keator. of Tucumcari, for appellee.

## OPINION OF THE COURT

BRATTON, J.  On May 4, 1920, the appellant instituted this suit against the appellee to obtain a decree of divorce on account of her having abandoned him.  He further sought the custody and control of their two minor children.  In addition, he charged that the parties owned, as community property, a certain described quarter section of land, situated in Quay county, of the value of $800, and prayed that the appellee's interest therein be awarded to him. to be used in the maintenance, support, and education of such children.  The appellee filed her written waiver of service of summons and entered her general appearance, in which she declared she would not defend the suit, but did not intend thereby to consent that a decree of divorce be granted.

Upon a trial of the cause, which occurred on October 20, 1920, the trial court granted the appellant a divorce, as well as the custody of the two children as prayed for.  In addition, it found that the parties were possessed of community property, consisting of both realty and personalty, of the value of $5,105.  The appellee's interest in this entire community estate was awarded the appellant.  Afterwards, and on September 21, 1922, an order was made and entered, vacating said decree in so far as it attempted to divest the appellee of her interest in the community property, except the quarter section of land which had been described in the complaint.  As to this tract of land the original decree was undisturbed.  On December 15, 1922, the appellant filed his motion, praying allowance of an appeal from such order, which was granted by an order dated December 18, 1922.

At the threshold of our consideration of the case we are met with appellee's contention that the appeal was not prayed for within the required time, and that it was not perfected within the time prescribed by law. It is contended that the appeal involves an order affecting a substantial right, made after the entry of final judgment, and that the right to appeal there-

from, as well as the time within which such appeal shall be prayed, is governed by the provisions of section 2, chapter 43, Laws of 1917, the pertinent portions of which are:

"Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions. from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein, would be only to carry into effect such interlocutory judgment, order or decision. Appeals shall also be allowed by the District Court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment. * * .* Application for allowance of appeal under the provisions of this section must be made within twenty days from the entry of the judgment, order, decision or conviction appealed from."

[3] That the appeal is governed by the provisions of this section of the Appellate Procedure Act seems undebatable. By the terms of that chapter, two classes of appeals are authorized. By section 1 of the act, appeals from final judgments are authorized. That this appeal does not fall within that section is at once apparent, because the order appealed from is in no sense a final judgment. It is an order vacating a final judgment, but does not in any sense adjudicate any of the rights of the parties to the property involved. The only other appeals authorized by the act are those specified in section 2 thereof. They are from all final orders affecting a substantial right, made after the entry of a final judgment, and such interlocutory judgments, orders, and decisions which practically dispose of the merits of the action, so that any further proceedings therein would be only to carry into effect such interlocutory judgment, order, or decision.

[1, 2, 4] Indeed, appellant must come within this section of the statute in order to have any standing here at all, as the right to appeal from the action of an inferior court must be derived from express constitutional or statutory authority. It must be expressly granted by one or the other. In their absence, no such

right exists. The right of appeal to this court is nowhere granted by the Constitution. By section 2 of article 6 the appellate jurisdiction of this court is prescribed, but the right of litigants to appeal and thereby invoke such jurisdiction is not there granted; such being left to the Legislature. State v. Chacon, 19 N. M. 456, 145 Pac. 125; Ex parte Carrillo, 22 N. M. 149, 158 Pac. 800; State v. Dallas, 22 N. M. 392, 163 Pac. 252. So that the appellant must derive his right to appeal from the order in question by the provisions of section 2 of the statute. But the insurmountable obstacle which confronts him is that, by the very terms of the act which gives him the right of appeal, it is expressly provided that he shall pray therefor within 20 days from the entry of the order appealed from. This he failed to do. On the contrary, he waited almost 90 days after this order was entered before he first prayed his appeal. This was not timely, as it did not come within the plain and mandatory provisions of the statute.

Appellee further contends that the return day of this appeal is 60 days after it was taken instead of 90 days, as is provided in cases of appeals from final judgments. Having determined that this appeal is governed by the provisions of section 2 of chapter 43, Laws of 1917, this conclusion is inevitable, as it is expressly provided in section 21 of that act that all appeals taken under section 2 thereof shall be returnable in 60 days from and after the same are taken. Alamogordo Improvement Co. v. Palmer (N. M.) 216 Pac. 686. It appears from the record that on January 25th, 1923, the appellant was granted an extension of sixty days from that time within which to file a completed transcript in this court. On March 17, 1923, he obtained a like order granting him another extension of 60 days from that time within which to file such transcript. It was filed here on May 5, 1923, so that it came within the time allowed.

For the reasons stated, we cannot review the case

upon its merits, but must affirm the order appealed from upon the sole ground that the appeal was not seasonably prayed for; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.