[No. 3484.  Dec. 13, 1930.]

KERR v. SOUTHWEST FLUORITE CO. et al.

[294 Pac. 324.]

M. A. Threet, and W. C. Whatley, both of Las Cruces, for appellant.

Adlai S. Baker and Edward C. Wade, Jr., both of El Paso, Tex., for appellees.

OPINION OF THE COURT

WATSON, J.

This is an appeal from an order vacating a final judgment for the purpose of permitting Shirley Thomas, on behalf of Southwest Fluorite Company, a corporation, and of herself as a stockholder, and other parties in interest, to file answers to the complaint.

We find no showing which would seem to have justified opening this judgment in favor of any other parties than Shirley Thomas. However, no point is made of this by plaintiff, appellant, and we pass the matter without further comment.

Appellees have moved to dismiss the appeal, contending that such an order is not appealable. The motion is overruled on the authority of Singleton v. Sanabrea, 35 N. M. 205, 292 P. 6.

The motion to vacate was interposed less than one year and more than 60 days after entry of judgment. It was therefore not maintainable under 1929 Comp. § 105—801, which restored to district courts, during the period of 30 days, the control which they formerly had over their judgments during term time; which control had been held destroyed as the effect of abolishing terms of court except for jury cases. Fullen v. Fullen, 21 N. M. 212, 153 P. 294. Nor was it maintainable under 1929 Comp. § 105—843, authorizing vacating for good cause a default judgment rendered out of term time on motion filed within 60 days, held to be a discretionary power, reviewable only for abuse. Grant v. Booker, 31 N. M. 639, 249 P. 1013. We agree with appellant that there is no showing of irregularity in the proceedings, as the term is defined in Coulter v. Board of Commissioners, 22 N. M. 24, 158 P. 1086, and later decisions, which would bring the case within 1929 Comp. § 105—846, under which judgments may be vacated for irregularity on motion filed within one year.

For present purposes, we may also concede to appellant that a mere showing of intrinsic fraud will not warrant the opening or vacating of a final judgment, except

upon statutory authority. Day v. Trigg, *27* N. M. *657*, 204 P. 62.

But, the action of the court in this case is based upon fraud and collusion in procuring the judgment by default. Of the five directors of the defendant corporation which failed to appear, three were plaintiffs in the suit, suing upon promissory notes of the corporation, and to foreclose a mortgage on mining property of the corporation securing the notes. Another of the directors was interested as the owner of some of the notes. He had refused to join as a plaintiff, and was made a defendant. He answered, denying in some minor respects the allegations of the complaint, but generally admitting them, and claiming (as he was permitted by the judgment) to participate in the fruits of the foreclosure. It was the duty of the directors to provide for the defense of litigation against the corporation. They made no such provision. Four of the five directors were interested in having judgment go by default. These facts were not disclosed by the complaint or known to the court. We think that they amount in law to extrinsic fraud and collusion; justify a stockholder not guilty of laches in moving a vacation, or at least an opening, of the judgment to permit her to interpose for the corporation a defense it failed to make; and excuse her from the futile formality of first demanding of the corporation that it make such motion and tender such defense.

For extrinsic fraud or collusion there is an inherent power in courts of general jurisdiction to vacate their final judgments. Black on Judgments (2d Ed.) §§ 303, 305, 321; 34 C. J., "Judgments," §§ 490, 496; 15 R. C. L., "Judgments," § 144; Freeman on Judgments (5th Ed.) § 232. This is a power the exercise of which was not limited to the term at which the judgment was rendered. This court, in holding that abolishing terms destroyed the control which courts had formerly exercised over their judgments during term time, and that such control was limited by 1929 Comp. §§ 105—843, 105—846, supra, expressly cautioned that the holding "leaves the court with the same powers over its judgments as formerly possessed after term time." Fullen v. Fullen, 21 N. M.

212, 153 Pac. 294, 200. Soon thereafter 1929 Comp. § 105-801 was enacted, merely, as we suppose, to restore the powers formerly exercised during term time. In Coulter v. Board of Commissioners, 22 N. M. 24, 158 P. 1086, an order vacating a final judgment was reversed, but the opinion excludes from the effect of the decision cases of "fraud or fraudulent representations." We have recognized certain cases of "such purposes as all courts always retain control over their judgments" (Fullen v. Fullen, supra, Syl. 5); for instance, the correction of errors merely clerical, U. S. v. Irrigation Co., 13 N. M. 386, 85 P. 393; Queen v. McKissor, 26 N. M. 404, 193 P. 72; Zintgraff v. Sisney, 31 N. M. 564, 249 P. 108; and the curing of inadvertent omissions, Crichton v. Storz, 20 N. M. 195, 147 P. 916. It would be a strange system which, without the aid of statute, would permit opening or vacating judgments during an indefinite period for such purposes, and, by statute, during one year, for mere irregularity, and would yet limit the time to 30 or 60 days in cases of extrinsic fraud or collusion.

Clark v. Rosenwald, 31 N. M. 443, 247 P. 306, is cited by appellant as being opposed to this view. The broad language there used must be deemed modified by what is here said. Both court and counsel there overlooked the principle here stated.

■ Appellant contends that Shirley Thomas can have no standing in this case except as an intervener, and that an application to intervene comes too late after final judgment; citing 1929 Comp. § 105—1501, et seq. But this statute, as early held, relates only to actions at law. Here we are to be guided by the general rules governing interventions in equity. Trust Co. v. Cable Co., 8 N. M. 327, 43 P. 701; Flournoy v. Bullock, 11 N. M. 87, 66 P. 547, 55 L. R. A. 745.

■ Appellant contends that no good defense to the foreclosure suit is set up in the showing in support of the motion. We do not think, however, that this is the time to consider nice objections of that character. They may all be raised when Shirley Thomas shall have filed her answer. Granted, that the present allegations would

be insufficient in a pleading ; that we might have sustained the trial court if he had denied the motion on the showing made ; that it would have been better practice if the movant had submitted her proposed answer ; still, the trial court being of opinion that defenses are forecast which in equity and good conscience he should permit to be interposed, and not being satisfied to the contrary, we think his action should not be disturbed.

The order appealed from is affirmed. The cause will be remanded, with a direction to proceed with the litigation. It is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and CATRON, JJ., did not participate.