### INDEPENDENT OIL & GAS CO. et al. v. CLARK et al.

No. 24368. Sept. 26, 1933.

Sam A. Neely, D. F. McMahon, and D. F. Rainey, for petitioners.

Cannon B. McMahan and Duncan & DeParade, for respondents.

SWINDALL, J. On March 31, 1931, E. E. Clark, as claimant, filed before the State Industrial Commission his employee's first notice of injury and claim for compensation against the Independent Oil & Gas Company, respondent, and the Hartford Accident & Indemnity Company, insurance carrier. On May 23, 1931, respondent and insurance carrier filed a denial of liability. The cause was set for hearing before an inspector under authority of the Commission on August 26, 1931, at the county courtroom in Okmulgee, Okla. At this hearing evidence was taken, and thereafter on September 17, 1931, an agreement between the employee and employer and insurance carrier as to payment of compensation was filed with and approved by the State Industrial Commission, an award made by the Commission in accordance therewith, and the compensation provided for therein paid. On October 1,

1932, the claimant filed with the State Industrial Commission a motion to reopen said cause and to award further compensation on the ground of a change in conditions. During the hearing on said motion the respondent and insurance carrier interposed the following objection to the hearing thereon:

"Come now the respondent and insurance carrier and renews its objection to the taking of any testimony in this case for the reason that the order of the Commission, under date of September 18, 1931, is a final, full, and complete settlement of any compensation due the claimant and has the same force and effect as a joint petition; for this reason the Industrial Commission has no jurisdiction to reopen."

Upon this objection the Commission made the following order:

"The Commission is of the opinion, that respondent's and insurance carrier's objection should be overruled and case placed on the next Tulsa docket.

"It is so ordered."

The respondent and insurance carrier gave notice of their intention to initiate a proceeding in this court to review the Commission's order, and within 30 days after said order was made, filed their petition herein with a certified copy of said order attached.

Thus, the question arises, Is the order sought to be reversed an order properly reviewable in this court under the terms and provisions of the Workmen's Compensation Law?

Sections 13360, 13362, and the proviso in section 13391, O. S. 1931, govern the procedure before the State Industrial Commission. In section 13360, after setting forth the manner of instituting a claim and the method of arriving at the facts, by agreed statement or by hearings, the act states that the Commission "shall make or deny an award determining such claim for compensation, and file the same in the office of the Commission, together with the statement of its conclusion of fact and ruling of law." And that "The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article (13363), as to all questions of law." Section 13362 provides for the review of awards by the Commission upon the ground of a change in conditions and says that the Commission, "on such review, may make an award ending, diminishing, or increasing the compensation previously awarded." Or, impliedly, may refuse to end, diminish, or increase such compensation. Section 13363, O. S. 1931, providing for reviews in the Supreme Court, reads:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision. * * * Such action shall be commenced by filing with the clerk of the Supreme Court a certified copy of the award or decision of the Commission attached to the petition by the complainant wherein the complainant or petitioner shall make his assignments or specifications as to wherein said award or decision is erroneous or illegal."

It is notable that this section refers to "The" award or decision of the Commission, and provides that "Such action shall be commenced by filing with the clerk of the Supreme Court a certified copy of the award or decision," which reference, it seems to us, can be to nothing other than the award or decision set out in sections 13360, 13362, or 13391, for those are the sections showing what the act means by award or decision in a proceeding for compensation, and those together with the present section are the portions of the act governing the procedure to be followed in determining claims for compensation, reviews on the ground of change in conditions, and actions in this court to review the same. The decision contemplated by section 13360 is one which shall "make or deny" an award "determining" the claim for compensation; the decision contemplated by section 13362 is one which shall make an award "ending, diminishing, or increasing" the compensation, or refusing to do so; the decision contemplated by section 13391 is one which shall result in "an award that shall be final as to the rights of all parties to said petition," if the Commission sees fit to make such award, otherwise it shall make an **"order** * * * dismissing such petition." Thus, we think that an order of the Commission made in proceedings under these sections, to be reviewable in this court, must be one which determines a claim for compensation then pending before the Commission. The present order does not fall within the category. This order overruling an objection to the jurisdiction of the Commission does not result in a termination of the claim pending, but in its continuation.

It arises upon a motion to review before the Commission upon the ground of a change in conditions and is not an order which ends, diminishes, or increases the compensation previously awarded or refuses to do so. We are, therefore, of the opinion that the order of the State Industrial Commission sought to be reviewed in this court is not reviewable herein, and that the proceeding to review should be dismissed.

Proceeding dismissed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. ANDREWS and BAYLESS, JJ., absent.