34 P.(2d) 1098

**STATE ex rel. ST. LOUIS, ROCKY MOUNTAIN & PACIFIC CO. v. DISTRICT COURT OF EIGHTH JUDICIAL DISTRICT et al.**

No. 3997.

Supreme Court of New Mexico.

Aug. 13, 1934.

Crampton & Robertson, of Raton, for relator.

Kiker & Fernandez, of Santa Fé, and Fred J. Voorhees, of Raton, for respondents.

WATSON, Chief Justice.

The petitioner in this original proceeding was defendant in a proceeding in the district court under the Workmen's Compensation Act (Comp. St. 1929, § 156–101 et seq.). It filed a demurrer to the amended claim, which was overruled. Prior to the making and entry of the overruling order, it objected to the taking of any action in the case on the ground that the court had no jurisdiction of the subject-matter; it appearing that the fatal injury of the claimant's husband occurred more than one year prior to the commencement of the proceeding. The court having assumed jurisdiction despite the objection, the petitioner sued out an alternative writ of prohibition. The matter is now before us on a demurrer interposed by the respondent.

Respondent contends that this is not a case for prohibition and that, if it is, the alternative writ was improvidently granted because of the existence of the remedy of appeal.

■ The sole question, on the merits, which had developed in the district court, was whether the compensation proceeding had not been filed too late, according to the provisions of the statute. It is well-understood law that prohibition lies only to prevent action without jurisdiction. So the petitioner must show that the district courts are without jurisdiction in such a case. For present purposes we must assume that a recovery of compensation could not be upheld in this case, being barred by statute.

In Gilmore v. District Court, 35 N. M. 157, 291 P. 295, 297, we reviewed the matter generally and laid it down: "If the inferior court or tribunal has jurisdiction of both the subject matter and of the person where necessary, the writ of prohibition will not issue, but lacking such jurisdiction the writ will issue as a matter of right."

Jurisdiction of the person is not here involved. Unquestionably the statute commits workmen's compensation litigation to the jurisdiction of the district courts. If the administration of the statute be the "subject matter" here involved, it is within the jurisdiction challenged, and the alternative writ should be discharged.

■ But petitioner considers that it is not this general jurisdiction that we should inquire into, but jurisdiction of this particular case or claim. It is argued that "sub-ject matter," as the term is used in the Gilmore Case, means not jurisdiction of workmen's compensation litigation, but, to be specific, jurisdiction of claims filed within the statutory time. That is to say, the statute confers jurisdiction upon the district courts to award compensation to those entitled to it, not to those not entitled; to render some judgments, not others.

We consider the law settled to the contrary in this state. Here the test of jurisdiction is not the right or authority to render a particular judgment; it is the right or authority to render any judgment. For instance, if a probate court had assumed jurisdiction of this case, prohibition would properly have lain. Any judgment it might render would be void. We would have no more power to review such a judgment than the probate court would have to render it. So, in Crist v. Abbott, 22 N. M. 417, 163 P. 1085, relied on by petitioner, since state offices were not within the purview of the election contest statute, any judgment which the district court might have rendered would have been a nullity. A judgment for Read, the contestant, would have been no more void than one for Crist, the contestee.

We need go no further than Gilmore v. District Court, supra, to demonstrate this. After having shown that the district court had "jurisdiction to try matters concerning the estate of a decedent if appeal has been allowed from the final judgment of the probate court," we further said:

"The action contemplated by the district court of Lea county is to try de novo certain

matters concerning a decedent's estate, previously tried and determined by the probate court of Lea county and appealed and docketed as a cause in the district court.

"We therefore find that under the established rule in New Mexico, the present case is one wherein a writ of prohibition should not issue."

That the district court was about to decide those matters wrongly was no concern of ours when merely investigating the jurisdiction. Nor was it material that we might on review be compelled to direct a dismissal of the appeal.

It might be convenient, in this case as in many others, to stop proceedings as soon as it appears that there is an irremedial defect in the cause of action. Such is not the policy of our law. Such a system might develop delays and other inconveniences offsetting entirely the advantages often suggested for it.

Petitioner also urges that in workmen's compensation cases the district courts are not operating as courts of general, but of a special and limited, jurisdiction, and that there is no presumption in favor of their jurisdiction or judgments. While this, if true, might have some importance on a review of such judgment as shall be rendered, we are not persuaded that it varies the rule when we are concerned only with the existence of the jurisdiction. Before we prohibit here, we should be prepared to say that any judgment rendered in this case would be void. Serious as the defect in the claim may be, and assuming it to be fatal on review, we are not convinced that it would be a nullity.

We conclude that the alternative writ should be discharged, and it is so ordered.

SADLER, HUDSPETH, and BICKLEY, JJ., concur.

ZINN, J., did not participate.