**103 P.2d 129**

**SPRINGER TRANSFER CO. v. CITY OF ALBUQUERQUE.**

**No. 4492.**

Supreme Court of New Mexico.

May 28, 1940.

Simms, Modrall & Seymour and Dailey & Rogers, all of Albuquerque, for appellant.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellee.

BRICE, Justice.

This action was brought by the appellee (plaintiff) against the Board of County Commissioners of Bernalillo County and appellant for consequential damages to real estate caused by the building of an underpass under the tracks of the A. T. & S. F. Ry. Co. in the City of Albuquerque. At the close of the plaintiff's testimony, upon motion of defendant Board of County Commissioners, the trial court instructed a verdict in its favor. The case went to the jury as against the appellant (defendant) City of Albuquerque, resulting in a verdict against it, subsequently set aside. At a second trial the plaintiff recovered a verdict for $6,250, on which judgment was entered, from which this appeal was prosecuted.

The circumstances surrounding the building of this underpass do not appear

clearly from the evidence, but we gather therefrom that they were substantially as follows:

For some years the City of Albuquerque had been desirous of building a pass under the Sante Fe Railroad tracks on Tijeras Avenue, but had been unable to do so because of the large expense (about $150,000) it would entail upon the city. Its agents consulted with the State Highway Commission with the view of securing federal aid from the United States Bureau of Public Roads. The necessary federal funds were allocated to that project but were required to be expended through the State Highway Department. Just why the money was not furnished directly to the city does not appear in the record, nor does it appear that the federal rules or law required that such work be done and funds expended by the State Highway Commission. Whatever may have been the reason for the construction of this underpass by the State Highway Commission in a street of the city of Albuquerque, it was so done; and in arranging for its construction a contract was entered into between the State Highway Commission (acting through the highway engineer) and the City of Albuquerque (acting through its Commission) whereby the former was authorized by the city to build such underpass "for the purpose of relieving traffic congestion and for relieving the people from the hazards of the present railroad crossing."

By the terms of the contract certain preliminaries, such as removing water and gas mains, was undertaken by the city at its own expense. It guaranteed to furnish the right of way and to construct storm sewers; and the Highway Commission agreed to build the underpass according to plans approved by the United States Bureau of Public Roads, and to install an electric pumping plant for removing water that might accumulate in the pass, and to install an electric lighting system therein. The city agreed to connect both the pumping plant and the electric lighting system with that of the city electric system.

It was also agreed:

"City agrees to maintain and operate at its own cost and expense, the electric pumping plant and its appurtenances, and the electric lighting system and its appurtenances and maintain at its own cost and expense the drainage system and the subway all in a manner satisfactory to the State or its authorized representative, and agrees to make ample provision each year for cost of such maintenance and operation.

"City agrees to save the State free and harmless from all claims, damages, expense, or liability of any nature whatsoever, caused directly or indirectly, from the aforesaid electric pumping plant and drainage system, electric lighting system and said subway and its approaches."

The underpass was accordingly built as provided by the terms of the contract, and in building it the plaintiff suffered a consequential property damage, according to the verdict of the jury, in the sum of $6,250. The plaintiff alleged in its complaint

that that part of Tijeras Avenue used for the underpass had been converted into a New Mexico State Highway (which defendant admitted in its answer) and alleged further: "That the damage done to the plaintiff's property by reason of the facts in this complaint alleged is to the extent of $35,000, and constitutes a damaging of private property for public use for which the defendant, The Board of County Commissioners of the County of Bernalillo, New Mexico, is liable under Article II, Section 20 of the New Mexico Constitution, and for which the Defendant, City of Albuquerque, is liable under its contract with the State of New Mexico, Exhibit 'A' to this complaint."

Elements of damage to plaintiff's property were pleaded, unnecessary to repeat, as neither the fact of damage nor the amount thereof are questioned here.

The trial court concluded as a matter of law that if the plaintiff's property had been damaged by reason of the building of the underpass, that defendant was liable therefor; and submitted the case to the jury upon the issues of whether the property had been so damaged; and if damaged, the jury was instructed to determine the amount and return a verdict therefor.

Defendant demurs generally in this court upon the asserted ground that the complaint fails to state a cause of action. A general demurrer was lodged against the complaint in the district court upon the same ground, which that court overruled, and thereupon the defendant answered. Defendant objected to much testimony upon the ground that it was not admissible under the case stated in the complaint, which objections the trial court overruled. If there was error in these rulings it has been waived, because not relied upon here for reversal. In determining the general demurrer we will treat the complaint under this state of the record as having been amended to conform to the facts proved, as the plaintiff is entitled to the benefit of any cause of action established by the evidence, whether properly pleaded or not. Lopez v. Lucero, 39 N.M. 432, 48 P.2d 1031; Painter v. Sutherland et al., 37 N.M. 113, 19 P.2d 188; Peck v. Goodberlett, 109 N.Y. 180, 16 N.E. 350.

Defendant states: "We therefore submit that the issues on this appeal are narrowed down to the single point of whether or not the appellant, City, can be held liable for consequential damages to plaintiff under its said contract with the State of New Mexico in the instant suit."

We think this is not quite correct. As we have stated, the issue is whether there is substantial evidence which supports the judgment, without reference to the complaint. The vice in defendant's argument is that it is assumed the underpass is a state highway, and the action is upon an indemnity contract, and therefore the defendant is not primarily liable thereon. As we have seen, this is out of the case and the defendant's liability must be determined by the evidence, not limited to the facts pleaded.

Sec. 20 of Article 2 of the Constitution provides: "Private property shall not be taken or damaged for public use without just compensation."—and Laws 1923, c. 21 (1929 Comp. Sec. 43-301), which provides: "Any person, firm or corporation authorized by the constitution or laws of this state to exercise the right of eminent domain who has heretofore taken or damaged or who may hereafter take or damage any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, or any subsequent grantee thereof, *for the value thereof or the damage thereto* at the time such property is or was taken or damaged, with legal interest, to the date such just compensation shall be made, in an action to be brought under and governed by the code of civil procedure of this state; Provided that this act shall not apply to or affect any telephone line, telegraph line, electric light or power transmission line."

The facts in Summerford v. Board, 35 N.M. 374, 298 P. 410, were that the Highway Commission had built a viaduct in a state highway within a city and damaged plaintiff's property. We did not directly hold that the county was liable, because, as stated by us, "the defendant county expressly admits that ordinarily its liability for damaging is the same as its liability for taking;" and as we held that a county was liable for the taking of property, we rested the case upon the admission of the county board.

The New Mexico statutes provide as follows:

"The word, 'state highway,' as used in this act shall include any highway declared to be a state highway by an act of the legislature, or designated as such by the state highway engineer." Sec. 64-1901, Sts.1929.

"That all state highways constructed and improved under the provisions of this act shall be maintained by the state highway commission, but not more than fifty per cent of the cost of such maintenance shall be paid by the state and not less than fifty per cent. shall be paid by the counties. The state highway commission may, however, contract with the county commissioners of any county to maintain any such state highway or highways therein, in accordance with standards prescribed by the state highway engineer and subject to supervision and inspection by him, * * *." Sec. 64-315, Sts.1929.

"It shall be the duty of such commission to construct, repair and maintain, at the expense of the state either wholly or in part, such public roads and highways, within the state, as in their judgment will best subserve the interest of the general public, looking to the construction and maintenance of a complete system of highways in the state." Sec. 64-331, Sts.1929.

"The commission shall have charge of all matters pertaining to the expenditure of the state road fund in the construction,

improvement and maintenance of public roads and bridges in the state and shall do all things necessary and expedient in the exercise of such supervision. * * *" Sec. 64-326, Ann.Sts.1929.

"The commission shall, when requested, advise towns, villages and counties with regard to the construction and maintenance of any road or bridge, and shall select, lay out and construct a system of prospective state highways." Sec. 64-327, Ann.Sts. 1929.

We understand from these statutes that the State Engineer may designate a road or highway as a state highway, but not an isolated part of a city street unconnected with any highway; that state highways are under the control of, and maintained by, the state through its Highway Commission; that the State Highway Commission has full charge of all matters pertaining to the expenditure of state road funds in the construction, improvement and maintenance of state roads and bridges; that the State Highway Commission shall when requested advise cities, towns, villages and counties with regard to the construction and maintenance of any road or bridge. We find no authority in the statutes, inferentially or otherwise, for the State Highway Commission to designate as a state highway an underpass in a city, not connected with or intended to be a part of a state highway. We will assume that the Highway Commission intended to lend its aid and advice to the City of Albuquerque, as provided by Sec. 64-327, in the construction of the underpass with the funds allocated to that purpose by the Federal Government, otherwise the agreement would be invalid for want of power in both parties to execute it.

There is substantial evidence which proves that the funds used were provided by the Federal Government to build a structure in a city street for purely city purposes, to be maintained by the city; that the city agreed to hold the state harmless from all resulting damages. From these facts it may be inferred that it was the intention of the parties to the agreement that the Highway Commission should be an agency through which the city acted in constructing the underpass.

We held in the Summerford case, and also in Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90, that the legislature or the State Highway Commission could extend a state highway through a city, town or village; but we did not hold in either of those cases that a part of a street within a city, having no connection whatever with a state highway as that term is used in the statute, could in fact be made one by an agreement between a city and the State Highway Commission.

The underpass was not designated as a part of a state highway, nor did it become so in fact. The defendant has control of its own streets and is liable for all consequential damages recoverable under Sec. 43-301, Ann.Sts.1929, which resulted from the building of the underpass.

But there is another sufficient reason why the case should not be reversed:

The plaintiff contended early in the trial that it was entitled to recover upon the theory that defendant was liable under the provision of the Constitution which prohibited the taking of private property for public use without just compensation, and this contention was upheld by the trial court. The defendant combatted the contention throughout the trial, but no assignment of error is based upon any of the many rulings that followed, except the failure of the court to instruct a verdict for defendant. All objections to the trial court's instructions to the jury and his failure to give requested instructions have been abandoned.

The assumption of the trial court that as a matter of law the defendant was liable for the consequential damages suffered by plaintiff because of the building of the underpass is now the law of the case, since plaintiff bases no claim of error thereon, or on the fact that its requests for counter instructions were refused. The result is exactly as though the parties had agreed to the instructions as being the correct declaration of the law involved. Marchant v. McDonald, 37 N.M. 171, 20 P.2d 276; Mares v. New Mexico Public Service Company, 42 N.M. 473, 82 P.2d 257.

The judgment of the district court is affirmed, and it is so ordered.

BICKLEY, C. J., and ZINN, and SADLER, JJ., concur.

MABRY, J., did not participate.