128 P.2d 1044

## HUDSON v. HERSCHBACH DRILLING CO. et al.

### No. 4635.

Supreme Court of New Mexico.

Sept. 2, 1942.

Hanna, Wilson & Brophy, of Albuquerque, for appellants.

Dailey & Rogers, of Albuquerque, for appellee.

BRICE, Chief Justice.

The appellee Hudson, an employee of the appellant Herschbach Drilling Company, was injured on April 21, 1939, in Lea County, New Mexico, while performing labor in the course of his employment, and claimed compensation under the Workmen's Compensation Act, Comp.St.1929, § 156-101 et seq.

On July 31, 1939, there was filed in this cause, in the district court of Bernalillo County, a claim for compensation signed by appellee; an answer signed by appellants; a written compromise settlement signed by the parties hereto; a judgment of the district court in accordance with the compromise settlement, and a satisfaction of said judgment signed by the appellee.

On June 12, 1940, appellee filed an application to set aside the judgment entered in said cause and to reopen and try the case, alleging the incapacity of appellee to make a contract because of physical and mental infirmities. To this application an answer was filed by the appellants and the cause was tried upon the issue of whether the judgment should be set aside, and the case reopened for trial. Evidence was taken and the trial court concluded that the appellee had capacity to contract, and had been fairly compensated for his known injuries at the date of the settlement; but that the parties did not contemplate, have in mind, or take into consideration in entering into such settlement, that appellee's brain was injured, as now claimed. That there was *a mutual mistake* of fact established by evidence, that was unknown and could not have been discovered at the time of the entry of the judgment, which authorized the court to set it aside and grant a rehearing of the case on the question of appellee's brain injury and his right to compensation therefor. Thereupon the trial court treated the complaint as having been amended to conform with the theory of mistake of fact in making the settlement,

and offered to give appellants time and opportunity "for the purpose of showing that the workman is (was) not under disability from the claimed injury to the brain." Upon suggestion of appellants the trial court required appellee to file an amended claim for compensation. Appellant requested time to answer the amended claim, which was granted by the trial court, but no answer was ever filed.

An order was entered setting aside the judgment, and reopening the case for a new trial on the issue of appellee's brain injury and his right to compensation therefor. From that order this appeal was prosecuted. No trial was had upon the merits after the case was reopened.

It is provided by the Workmen's Compensation Act that the employee may be required to undergo a medical examination subsequent to judgment, and " * * * The purpose of such examination shall be to determine whether the workman has recovered so that his earning power at any kind of work is restored, and the court shall be empowered to hear evidence upon such issue and hearing. If it be discovered by such examination and hearing that diminution or termination of disability has taken place the court shall order diminution or termination of payment of compensation as the facts may warrant." Sts.1929, § 156-124.

This seems to present a glaring inequality, since there is no correlative provision for increase of payments in case of increased disability, as is provided for in the

statutes of some other states. Yet this statute is the product of the Legislature and the courts are powerless to aid the unfortunate workman in such cases, except through some procedure authorized by the statutes or general law. It is to be noted in passing that the statute seems to refer to installment payments alone, and has no bearing, apparently, upon lump sum settlements.

The act provides: "Any and all such judgments [in compensation cases] rendered and executions issued hereunder shall have the same force and effect *and be governed by the laws of this state as judgments or executions in civil cases.*" (Emphasis ours.) § 156-115 Sts.1929.

We must look to the statutes and general law for authority to set aside a judgment in compensation cases if the applicant is the workman, but if the employer or his surety is the applicant, then provision is made therefor by the act itself.

Workmen's compensation statutes are sui generis and create rights, remedies and procedure which are exclusive. They are in derogation of the common law and are not controlled or affected by the code of procedure in suits at law or actions in equity except as provided therein. Pound v. Gaulding, 237 Ala. 387, 187 So. 468; Smith v. Kiel, Mo.App., 115 S.W.2d 38. But the New Mexico act provides that we must look to the code of procedure and general law for authority to set aside such judgments.

Interesting questions regarding the authority of the trial court to open or set aside judgments after the statutory time therefor has expired, have been raised.

It is provided by statute that final judgments and decrees entered by district court in all cases tried by them remain under the control of such courts for a period of thirty days after entry, and for such further time as may be necessary (not exceeding thirty days) to enable the court to pass upon and dispose of any such motions.

Default judgments may be set aside upon motion filed within sixty days of the date of the entry of such judgment upon good cause shown, 105-843; and judgments may be set aside for irregularity upon motion filed at any time within one year after the rendition thereof. 105-846.

There is no statute which authorized the trial court to set aside or open the judgment, as the proceedings were instituted more than sixty days after the entry of the judgment, and appellee does not claim that it was irregularly entered. Unless the judgment was void, then it could only be opened or set aside upon grounds authorized by the common law, or by an action in equity, and by some recognized proceeding instituted for such purpose.

We held in Kerr v. Southwest Fleurite Co., 35 N.M. 232, 294 P. 324, that there was an inherent power in courts of general jurisdiction to vacate their final judgments upon the ground of fraud or collusion, extrinsic and collateral to the matter tried,

and that the exercise of such inherent power was not limited to the term at which the judgment was rendered; or as in this jurisdiction, in which there are no terms of court for the trial of nonjury cases, to the statutory time of thirty days during which the court has control of its judgments. The procedure, while instituted by motion, is in effect an action in equity. State ex rel. Brady v. Frenger, 44 N.M. 386, 103 P.2d 115.

Assuming for the purpose of a decision that the trial court was authorized to set aside the compromise agreement and consent judgment based thereon in this proceeding, upon the ground of mutual mistake (a question we do not decide), nevertheless we are compelled to reverse the case on a question of practice.

The question is whether the trial court erred in treating the application to vacate the judgment as having been amended so as to change the alleged ground for setting it aside, from the charge that the appellee was incompetent to contract, to that of a mutual mistake of fact in making the compromise settlement. The question is squarely raised as to whether such an amendment should have been permitted after the trial of the case.

In support of the authority to so amend the motion, or treat it as amended, appellee cites Springer Transfer Co. v. City of Albuquerque, 44 N.M. 407, 103 P.2d 129, 131, in which we said, "In determining the general demurrer we will treat the complaint under this state of the record as

having been amended to conform to the facts proved, as the plaintiff is entitled to the benefit of *any cause of action* established by the evidence, whether properly pleaded or not. * * * As we have stated, the issue is whether there is substantial evidence which supports the judgment, without reference to the complaint."

These statements are too broad for general application, but they applied to that particular case in which the questions were litigated by the parties. It is true, objections were made to the introduction of testimony, but such objections were not assigned as error on appeal. The same statement was made by the court of appeals of New York in Peck v. Goodberlett, 109 N.Y. 180, 16 N.E. 350, 353, in which that court said:

"The appellant objects to a discussion which goes beyond the cause of action stated in the complaint, but his counsel did not except to the refusal of the referee to dismiss the complaint upon that ground; nor was the evidence offered by the plaintiff objected to, for the reason that it was not within the pleadings. In the absence of such objections, it was the duty of the court below to give the plaintiff the benefit of *any cause of action established by the evidence*." (Emphasis ours.)

Section 105-605, N.M.Sts.1929, which authorizes trial amendments that do not change substantially the claim or defense, by conforming the pleadings or procedure to the facts proved, has application to amendments made on or after trial.

Before trial, the only limitation on the right to amend is that the new cause of action (if one is pleaded) must not be founded upon facts wholly foreign to the facts originally pleaded. Knollenberg v. State Bank of Alamogordo, 37 N.M. 411, 24 P.2d 284; Nikolich v. Slovenska Nardona Podporna Jednota, 33 N.M. 64, 260 P. 849; Valley Products Company v. Roybal, 37 N.M. 112, 19 P.2d 187; Bremen Mining & Milling Company v. Bremen, 13 N.M. 111, 79 P. 806; United States of America v. Rio Grande Dam & Irrigation Company, 13 N.M. 386, 85 P. 393; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S. Ct. 278, 77 L.Ed. 619.

In commenting on the Bremen case in Knollenberg v. State Bank of Alamogordo, 37 N.M. 411, 24 P.2d 284, 285, we stated: "Appellee claims that this new matter introduced an entirely new and different cause of action and invokes section 105-605, Comp.Stat.1929, which inhibits amendments substantially changing the cause of action or defense. *This section refers to trial amendments.* The territorial Supreme Court, in Bremen Mining & Milling Co. v. Bremen, 13 N.M. 111, 70 P. 806, 811, discussing amendments, said: 'The effect of the statute is to inhibit amendments substantially changing the claim or defense on the trial, *but not before the trial.*' Before the trial, considerable latitude is allowed. The territorial Supreme Court went on to say: 'Amendments are favored and should be liberally allowed in the furtherance of justice.'"

But the amendment here was after the trial. Appellee's case was bottomed upon the charge that he was incompetent to contract, not on mutual mistake. Assuming that there was evidence introduced which substantially supported the court's finding of mutual mistake, an examination of the record convinces us that such question was not only not raised by the pleadings or judicially contested, but was not thought of by any of the parties to the proceeding until suggested by the court after the trial. The fact that there was evidence to support a different cause of action than that litigated did not authorize the trial court to inject it into the case by amendment after trial. Had the amendment been made before trial, no valid objection could have been made to the action of the trial court. For the error made the cause must be reversed.

In view of the fact that the case has not been tried upon its merits, we are of the opinion that it would be premature to decide the many interesting questions of law presented by the parties.

The judgment of the district court is reversed and the cause remanded with instructions to the district court to grant a new trial, and permit the respective parties to file amended pleadings as they may be advised.

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.

ZINN, J., not participating.