302 P.2d 734

R. M. TIGNER, Plaintiff-Appellee,

v.

OWL DRUG COMPANY, Inc., Maurice A. Smith and Eleanor B. Smith, Defendants-Appellees,

Davis Bros., Inc. and Fox Vliet Drug Company, Proposed Intervenors-Appellants.

No. 6128.

Supreme Court of New Mexico.

Oct. 17, 1956.

Jack L. Love, Roswell, for appellants.

Atwood & Malone, Roswell, for R. M. Tigner.

COMPTON, Chief Justice.

The single question is whether an abuse of discretion appears in the action of the trial court in denying the petition of appellants to intervene in a suit to foreclose a chattel mortgage on a stock of merchandise in the custody of a receiver appointed by the court incident to foreclosure.

The facts of this case differ in no material respect from those present in the case of Tom Fields, Ltd. v. Tigner, 61 N.M. 382, 301 P.2d 322, decided by us September 6, 1956. Indeed, each represents in effect an effort to intervene in the same suit or proceeding pending at the time, in the District Court of Chaves County. The same considerations that moved us to affirm in Fields v. Tigner, supra, apply with equal force here.

The claimed difference in the cases is that Tigner, the owner of a qualifying share of the stock of Owl Drug Company, Inc., in which he had no interest, was guilty of extrinsic fraud in failing to defend the action commenced by him on behalf of the corporation, and the case of Kerr v. Southwest Fluorite Co., 35 N.M. 232, 294 P. 324, is cited in support thereof. This claim must be rejected, the cases obviously are dissimilar. In the Kerr case, supra, nondisclosure that the plaintiffs were also directors of the defendant corporation, a fact not known to the court, was the basis of extrinsic fraud; whereas, the status of Tigner was testified to by him and was known to the court when the judgment was entered.

The trial court did not abuse its discretion in denying the motion to intervene. Accordingly, the judgment will be affirmed and it is so ordered.

LUJAN, SADLER and KIKER, JJ., concur.

McGHEE, J., not participating.