317 P.2d 901

C. C. DAVIS, Claimant-Plaintiff-Appellee,

v.

MEADORS–CHERRY COMPANY, Employer-Appellant,

and

Anchor Casualty Company, Insurer-Appellant.

No. 6196.

Supreme Court of New Mexico.

Nov. 8, 1957.

Gilbert, White & Gilbert, Sumner S. Koch, Sante Fe, Earl E. Hartley, Clovis, for appellants.

Dee C. Blythe, Clovis, for appellee.

PER CURIAM.

Upon consideration of the motion for rehearing the original opinion is withdrawn and the following is substituted therefor.

LUJAN, Chief Justice.

The appellee was in the employ of the Meadors-Cherry Company of Clovis, New Mexico, and on January 4, 1951, he received an accidental injury in the course of his employment, which necessitated surgery to his back. On October 1, 1952, appellee filed a claim for workmen's compensation. On the same date the answer was filed with a common law release signed by appellee along with the stipulation for judgment signed by appellee and his attorney. Final judgment was also entered on that same date. On July 12, 1956, some three years and nine months after the entry of final judgment, appellee filed a motion to reopen his claim for workmen's compensation in the same cause of action which had been disposed of on October 1, 1952, by stipulation, release and final judgment.

On September 11, 1956, the district court of Curry County entered an order allowing the reopening of appellee's claim. It is from this order that appellants prosecute this appeal.

The appellee's motion reads as follows:

"Comes now the plaintiff, C. C. Davis, and moves the Court to reopen the above-entitled claim for workmen's compensation, and as grounds for his motion says:

"(1) That the award heretofore made in this case included nothing for plaintiff's permanent partial disability.

"(2) That prior to the filing of plaintiff's claim herein he underwent spinal surgery to correct the injuries complained of; that since the entry of the judgment herein further surgery has been necessary; that the original surgery was not a success, and the subsequent surgery was necessary to correct the original surgery; that at the time of the entry of the judgment herein all parties herein believed that said surgery was successful, and that the complications which *latter* necessitated additional surgery were not and could not ordinarily have been anticipated and therefore were in the nature of a latent injury.

"(3) That plaintiff is now totally and permanently disabled as a result of his original injury and the resulting surgery.

"(4) That plaintiff has been unable to do anything but light work since the entry of the judgment herein and has for all practical purposes been unable to work since then; that he was hospitalized from June 7, 1956, to June 25, 1956, and since then has had to wear a spinal brace; that he has incurred expenses for doctors, hospital and orthopedic appliances in excess of $800.00 since June 7, 1956, and will incur additional expenses of a large but undetermined amount in the future for the treatment of said injuries, which plaintiff estimates at $5,000.00."

The court's order, eliminating the formal part, reads as follows:

"It is therefore ordered, adjudged and decreed, that the claimant-plaintiff's claim be and it hereby is reopened to determine the extent, if any, of claimant-plaintiff's change in condition since the award filed herein on October 2, 1952; whether claimant-plaintiff has a latent injury resulting from the injury he suffered on January 4, 1951, while in the employ of Meadors-Cherry Company; the degree of permanent disability, if any, suffered by claimant-plaintiff as a result thereof; whether the employer and insurer should be required to pay claimant-plaintiff's doctor and hospital bills incurred since October 2, 1952, as a result of such injuries; and whether claimant-plaintiff is entitled to any other relief under the workmen's compensation laws of the State of New Mexico, to all of which the employer and insurer except."

Thereafter the parties entered into the following stipulation:

"It is stipulated and agreed by the parties, acting by and through their respective attorneys, that for the purposes of the appeal of the employer and insurer to the Supreme Court of New Mexico from the Order reopening Claim entered herein on September 11, 1956, and for the purposes of said appeal only, the facts pleaded by claimant-plaintiff in his Motion filed herein on July 12, 1956, and tendered by him at the hearing on said motion, shall be considered as true and correct."

Appellants contend that the above order is appealable under Supreme Court Rule 5(2) which reads, in part, as follows:

" * * *. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all *final orders* affecting a substantial right made after entry of final judgment." (Emphasis supplied)

and under Section 59–10–16, NMSA, 1953 (Workmen's Compensation Act) which provides as follows:

"* * *. Any *final order* made or judgment rendered by the court pursuant to the provisions of this act shall be reviewable by the Supreme Court of the state upon appeal or writ of error in the manner prescribed for other cases except that said cause shall be advanced on the calendar and disposed of as promptly as possible."
(Emphasis supplied)

We are unable to agree with appellants' contention that the order reopening the claim is appealable under Supreme Court Rule 5(2) or under Section 59–10–16, NMSA, 1953. The order appealed from lacks any semblance of finality. It does not adjudicate any rights of the parties. The questions of appellants' liability, if any, and their defenses thereto are yet to be determined by the trial court. Upon a trial of the case on the merits, regardless of the nature of the judgment entered, appellants will be afforded an opportunity to have reviewed the errors, if any, relative to appellee's further claim for compensation. Burns v. Fleming, 48 N.M. 40, 145 P.2d 861; Foster v. Addington, 48 N.M. 212, 148 P.2d 373. In the meanwhile the judgment remains in force. The order reopening the claim lacked the finality indispensable to render it an appealable order under Section 59–10–16, NMSA, 1953, or under the quoted portion of Supreme Court Rule 5(2).

Appellants urge that the order reopening the judgment was in reality an order vacating and setting aside a final judgment. Appellants then point out that orders vacating final judgments have been held to be final appealable orders by this court. Hoover v. City of Albuquerque, 56 N.M. 525, 245 P.2d 1038; Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044; Gutierrez v. Brady, 45 N.M. 209, 113 P.2d 585; Kerr v. Southwest Fluorite Co., 35 N.M. 232, 294 P. 324; Singleton v. Sanabrea, 35 N.M. 205, 292 P. 6; Jordan v. Jordan, 29 N.M. 95, 218 P. 1035.

We cannot accept the premise that the order reopening the judgment was, in effect, an order vacating the judgment. The two types of orders are not the same and they do not have the same effect. 49 C.J.S. Judgments § 306, p. 558, 31 Am.Jur., Judgments, § 713, p. 264. The Illinois court stated as follows in Farmers Bank of North Henderson v. Stenfeldt, 258 Ill.App. 428, 430:

"Notwithstanding the distinction to be made between the terms 'opening up' a judgment and 'vacating' or 'setting aside' a judgment, much laxity of expression is to be found in the books."

The court went on to state that an order opening up a judgment is not a final order, but merely interlocutory and not appealable.

The distinction between the two types of orders was explained in Krummel v.

Hintz, Mo.App., 222 S.W.2d 574, 578 in the following language:

"There is a marked and clearly recognized distinction between the vacation of a judgment and the opening of a judgment. A judgment which is vacated is destroyed in its entirety upon the entry of the order that the judgment be vacated, while a judgment which is merely opened does not lose its status as a judgment, but is merely suspended so far as concerns the present right to maintain further proceedings based upon it. * * * In the latter case, if the party who obtained the opening of the judgment is afterwards defeated in his attempt to obtain relief, the result is to restore the judgment to full force and effect, while if he prevails in his attempt, the judgment is then vacated and a new judgment entered."

The Court of Appeals for the Fifth Circuit has pointed out that it is not unusual for a court simply to reopen a judgment without vacating it. In Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390, 397 the court stated:

"* * * It is common practice upon application, to open up a judgment, instead of setting it aside, annulling, or reversing it, and to allow the party attacking the judgment a hearing on the merits, the judgment meanwhile remaining in force, and if the attack is successful the judgment is then vacated; otherwise, it is closed by action of the court, and operates as if it had never been disturbed."

Appellee's motion in the instant case was to reopen the claim. The trial court granted this motion and reopened the previous judgment in order to determine the extent, if any, of appellee's change in condition since the 1952 award. No motion was made to vacate the judgment nor did the trial court's order have such effect.

While this court has held that an order vacating a final judgment is a final order, we do not wish to extend these decisions to cover situations where the order simply reopens a final judgment. To do so would be to distort and, in ultimate effect, to nullify the requirements imposed in Section 59–10–16, NMSA, 1953 and in Supreme Court Rule 5(2).

In the vast majority of cases the final order rule serves a salutary purpose. It is directed against expensive piecemeal appeals from interlocutory orders prior to final disposition. Enforcement of the rule may work an occasional hardship in jurisdictions where no appeals are allowed from interlocutory orders. But in this jurisdiction Supreme Court Rule 5(2) allows appeals from interlocutory orders which practically dispose of the merits of an action. Thus we cannot lightly dismiss the final order requirement as a "procedural technicality."

It is our opinion that the order reopening the claim is an interlocutory order. Since it does not practically dispose of the merits of the action so that any further proceedings would be only to carry into effect the order, it is not appealable.

Appellants also contend that for various reasons the 1952 judgment was not subject to being reopened, and that the trial court's order granting such a motion is void. But if the order was not appealable, and we have held that it was not, we have no jurisdiction to determine the validity of the order. When faced with the same problem the Illinois court in Moffat Coal Co. v. Industrial Commission, 397 Ill. 196, 73 N.E.2d 423, 426, stated:

"It is well settled that appeals to and writs of error from this court, unless otherwise provided by statute, lie only to review final judgments, orders and decrees of inferior courts. It is also well settled that a void judgment, order or decree may be reviewed by appeal or writ of error * * * A judgment, order or decree of a court that lacked jurisdiction or one that is void for any other reason will be reversed by this court whenever the same is brought before us by any means possible in the particular case; *but we can find no provision in any statute and no judicial precedent indicating that a judgment, order or decree which is not final may be reviewed by this court merely because it is, or is alleged to be, null and void.*" (Emphasis supplied)

In the case of Independent Oil & Gas Co. v. Clark, 165 Okl. 114, 25 P.2d 296, 297, the claimant while in the course of his employment was injured. On March 31, 1931, he filed before the State Industrial Commission his first notice of injury and claim for compensation against the oil company and the Hartford Accident & Indemnity Company, insurance carrier. On May 23, 1931, the oil company and insurance carrier filed a denial of liability. On August 26, 1931, a hearing was had and thereafter on September 17, 1931, an agreement between the claimant and employer and insurance carrier as to the payment of compensation was filed with and approved by the State Industrial Commission, an award made by the commission in accordance therewith, and the compensation provided for therein paid. (Lump sum settlement for $1012.50). On October 1, 1932, the claimant filed with the State Industrial Commission a motion to reopen said cause and to award further compensation on the ground of a change in condition. During the hearing of said motion, the oil company and the insurance carrier interposed the following objection to the hearing thereon: "Come now the Respondent and Insurance Carrier and renews its objection to the taking of any testimony in this case for the reason that the order of the Commission

under date of September 18, 1931, is a final, full and complete settlement of any compensation due the claimant and has the same force and effect as a joint petition; for this reason the Industrial Commission has no jurisdiction to reopen".

Upon this objection the commission made the following order: "The Commission is of the opinion, That Respondent's and Insurance Carrier's objection should be overruled and case placed on the next Tulsa Docket. It is so ordered."

The oil company and the insurance carrier appealed.

The Supreme Court of Oklahoma said:

"Thus, the question arises: Is the order sought to be reversed an order properly reviewable in this court under the terms and provisions of the Workmen's Compensation Law?

"* * * It arises upon a motion to review before the commission upon the ground of a change in condition and is not an order which ends, diminishes, or increases the compensation previously awarded or refuses to do so. We are, therefore, of the opinion that the order of the State Industrial Commission sought to be reviewed in this court is not reviewable herein, and that the proceeding to review should be dismissed."

Since the order of the district court entered September 11, 1956, was not an appealable order, we have no authority to consider the merits of the controversy involved.

It follows from what has been said that this appeal should be dismissed.

It is so ordered.

COMPTON and KIKER, JJ., concur.

SADLER and McGHEE, Justices (dissenting).

We can not bring ourselves to agree with the prevailing opinion in this case. If authority exists to do what the trial court here proposes to do, it must be found in the Workmen's Compensation Act. We challenge the claimant-appellee to point out in the act any authority so to do. Note this language from the so-called order reopening the case. It reads:

"It is, therefore, adjudged and decreed, that the claimant-plaintiff's claim be and it is hereby reopened *to determine the extent, if any, of claimant-plaintiff's change in condition since the award filed herein on October 2, 1952,"* etc. (Emphasis supplied)

We are thoroughly familiar with the doctrine that an appeal does not lie from an interlocutory order. But this is not that kind of interlocutory order. Indeed, it is not an interlocutory order at all. Reopening this particular judgment years after it was rendered amounted to setting it aside

292

and awarding claimant a trial on the merits after he had stipulated for a lump sum settlement and received the benefits of a judgment rendered thereon.

Suppose, for instance, the trial court announced it proposed to reopen the judgment to determine whether the claimant could read or write; or, was a Methodist or a Baptist or a Catholic; or had not paid last month's rent. Of course, these suppositions are absurd but so far as a right in the trial court to do it be concerned they are of no less potency than what it is proposed here to do.

We give it as our considered judgment that the statutory provisions giving the employee the right to reopen an award for the purpose of increasing it, or the employer the right to do likewise for purpose of decreasing or terminating same, have no application to lump sum settlements that have been approved by the court. We do not mean to say such a settlement procured through fraud or overreaching may not be set aside and held for naught. What we do say is that a lump sum settlement, free from fraud or its equivalent, may not be reopened and the very conditions set at rest by the settlement relitigated in a new trial had on the merits of the claim.

In our view and within the doctrine of State ex rel. Del Curto v. District Court (Burguete), 51 N.M. 297, 183 P.2d 607, we might have stopped the reopening of the judgment in this case by prohibition, either upon jurisdictional grounds, or in the exercise of our superintending control, whichever was the true ground of awarding the writ in that case. The writer of this dissent with what he then thought was good reason contended in a dissent in the Del Curto case, as does claimant (appellee) here, that the order there stayed was interlocutory and should have been reviewed on appeal, as in State ex rel. St. Louis, Rocky Mt. & Pacific Co. v. District Court, 38 N.M. 451, 34 P.2d 1098. His arguments were of no avail, however, and the writ of prohibition was made permanent, as no doubt upon a proper application, it would have been in this case against the order reviewed, had timely application been made.

Indeed, this would have been an apt case in which to employ prohibition for not only is the court about to enforce an order it lacked jurisdiction in the particular case to make but at the same time to reopen for a hearing on the merits a cause of action upon which he could not in any event recover because of an injury occurring before effective date of the statute of which he seeks to avail himself. L.1951, c. 205, § 3. A perfect case for prohibition. But the majority here denominating the order interlocutory, think it unappealable.

We may say in passing that if the purpose for which this judgment admittedly is reopened, be upheld, viz., to re-try it on the merits after a lump sum settlement four years old, such settlements will go out the

·window. And why not? If a claimant suffering from a *known injury,* where liability is questioned, be willing to settle it for an agreed sum, expressed in a writing free from fraud, he is presumed to know and is charged with knowing, if he does not, that his injuries may prove more extensive and lasting than he thinks. He will be conclusively presumed to have taken that possibility into consideration when he signed the agreement. And, where the settlement contains language broad enough to cover unknown and latent injuries, as in this case, how much stronger should that presumption be, as evidencing his intent, as to injuries of which he was then ignorant and *which were wholly unknown to him?* The question provides an answer in the asking.

This judgment was, in effect, set aside contrary to the law and our earlier decisions. The trial court was tinkering with the judgment in a way and for a purpose proscribed by law. To say we can not stop it is to confess our helplessness in the face of an obvious and screaming injustice, in excess of the trial court's jurisdiction in the case before it. The appeal was properly allowed from the order reviewed treated as, in effect, setting aside the court's approved lump sum settlement and, hence, as an order entered subsequent to final judgment affecting a substantial right. Supreme Court Rule 5(2). See Jordan v. Jordan, 1923, 29 N.M. 95, 218 P. 1035; Singleton v. Sanabrea, 1930, 35 N.M. 205, 292 P. 6; Kerr v. Southwest Fluorite Co., 1930, 35 N.M. 232, 294 P. 324; Gutierrez v. Brady, 1941, 45 N.M. 209, 113 P.2d 585; Hudson v. Herschbach, 1942, 46 N.M. 330, 128 P.2d 1044; Dunham v. Stitzberg, 1948, 53 N.M. 81, 201 P.2d 1000; Hoover v. City of Albuquerque, 1952, 56 N.M. 525, 245 P.2d 1038; McCoy v. Gooch, Milling & Elev. Co., 156 Neb. 95, 54 N.W.2d 373.

It follows from what has been said that we thoroughly disagree with the prevailing opinion. Accordingly,

We dissent.